May Term, 1839.

RUBOTTOM
v.
SHANK.

---

RUBOTTOM and Another *v.* SHANK.

A party may apply to the Circuit Court in term time, or to the president judge or the two associates in vacation, for a change of venue on account of the opposite party's undue influence, &c. And the application may be made in Court in presence of the adverse party, *without notice ; but if* made in vacation, ten days' notice is necessary.

Saturday, May 25.

APPEAL from the *Franklin* Circuit Court.

DEWEY, J.—Assumpsit for goods sold, and money had and received. During the term of the Circuit Court to which the process was returnable, both parties being present, the defendants below by petition verified by oath, setting forth that they conceived they could not have a fair trial of the cause in that Court, owing to the undue influence of the plaintiff and to local prejudices, prayed the Court for a change of venue. The Court overruled the petition, and proceeded to a trial which resulted in a verdict and judgment for the plaintiff. The defendants excepted to the decision of the Court refusing a change of venue.

Whether that decision be correct or erroneous must depend entirely upon the construction of the statute of this state regulating change of venue ; for neither the common law, nor any *English* statute in force here, authorises such a measure. The practice of changing the venue in *England* is the result of rules adopted by the Courts founded upon the equity of some ancient statutes, the object of which was to compel the plaintiff to sue out his writ in the county in which the cause of action originated. 1 Tidd's Pr. 519.—2 Bl. Rep. 1032. These rules have not been adopted by our legislature, and of course are not obligatory in this state.

The reasons for a change of venue set forth in the petition, namely, undue influence of the adverse party and local

prejudices, are expressly within the provisions of our statute. R. C. 1831, p. 533. But the question arises, whether the act authorises a change of venue in open Court in any event? It is true that its enactments, taken literally, seem to relate exclusively to applications for a change of venue made in vacation to the president judge alone, or to the two associates. But as we conceive it could not have been the design of the legislature to give a single judge, out of Court, a power which they meant to withhold from the Court in session, we think the spirit of the law embraces petitions for change of venue made either in vacation or term,—with this difference, however, that when the application is made in vacation, ten days' notice is necessary, and that when made in Court in the presence of the adverse party, no notice is required.

The Circuit Court erred in refusing the change of venue.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the petition for a change of venue set aside, with costs. Cause remanded, &c.

*J. M. Johnston* and *G. Holland,* for the appellants.

*J. Ryman,* for the appellee.