WILLIAM S. HUNGERFORD, *Complainant and Appellee,*

vs.

CALEB CUSHING ET AL., *Defendants and Appellants.*

APPEAL IN EQUITY FROM THE CIRCUIT COURT OF DANE COUNTY.

In chancery, the dismissal of the bill as to all of the defendants except one, and the subsequent restoring them to the case, does not have the effect to make the case a new one, so as to bring it within the provisions of the act of 1853, in relation to a change of venue.

Under the provisions of the Revised Statutes in relation to a change of venue, where the alleged cause is the prejudice of the judge, he must determine the question from his own consciousness, and not from extrinsic evidence.

Where application is made for a change of venue, on account of the prejudice of the judge, under the provisions of the Revised Statutes, the decision of the judge is conclusive, and cannot be reviewed in the Supreme Court.

The interest which disqualifies a judge from trying a cause, must be a pecuniary interest.

This is an appeal from an order of the Circuit Court of Dane county, denying the petition of the defendants for a change of venue.

The causes assigned for the change of venue were:

1. The prejudice of the judge.

2. That the judge was interested in the suit.

3. That the judge had been of counsel for the complainant.

The petition and affidavits in its support are very voluminous, setting out a large mass of facts and circumstances; but as the court decided that, so far as the cause for a change of venue referred to the prejudice of the judge, it could not be reviewed here, it does not seem to be necessary to occupy space in presenting them in detail. Sufficient of the facts will appear in the opinion to show clearly the points decided.

Dec. Term
1853.

Hunger-
ford.
vs.
Cushing
et al.

Mr. Justice Crawford did not sit, and Mr. Justice Smith sat only *pro forma*, to make a quorum, but took no part in the decision.

*Arthur McArthur and F. K. Bartlett*, for the appellants, made the following points :

1. The impartial administration of the law is a maxim of universal justice. It is an undoubted right, to which every person is entitled, and its obligations rest upon every judge and court. One of the most important means of obtaining impartial justice, is the law giving to parties the privilege of a change of venue.

2. A chancery cause is within the provisions of the law requiring a change of venue ; and an order denying an application for a change of venue, is such an order as may be the subject of appeal. *Rev. Stat. p.* 507, *and sec.* 20 *on p.* 440, *and sec.* 11 *on p.* 761. As to appeals to the Supreme Court, see page 428.

3. When a party to a suit presents a petition to the court, in which he states that he fears he will not receive a fair trial, on account that the judge is interested or prejudiced, or has been of counsel for either party, and the petition is verified by affidavit, he brings himself within the requisitions of the statute, and the obligation of the court to change the venue is imperative, and admits of the exercise of no discretion. 1 *Scam.* 117 ; 2 *Gilman*, 42 ; 5 *Blackf.* 122 ; 11 *Mo.* 379 ; 8 *id.* 606 ; 5 *id.* 535 ; 24 *Wend.* 263 ; 11 *John.* 174 ; *Law Reporter for* 1852, *p.* 611.

4. If it is asserted that the change of the venue rests in the discretion of the judge, we reply, that even if this were so, then we claim that there is a right to examine by appeal, whether, under the cir-

cumstances of the case, the court below has judiciously
and rightfully exercised that discretion, and if he has
not exercised a sound discretion in refusing the appli-
cation, his decision should be reversed. An abuse of
discretion is the subject of review. 8 *Missouri*, 606 ;
3 *Paige*, 453 ; 8 *Cowen*, 355–359 ; 1 *Clark*, 179 ; 3
*Scam.* 351 ; 6 *Leigh*, 196, 205, 207, 221 ; 2 *Wend.* 225.

5. The 20th section of chapter 87, and the 11th
section, on page 761 of the Revised Statutes, deprives
the judge of the Circuit Court absolutely of all juris-
diction in any cause pending before him in which he
is interested, or where he shall have acted as counsel
for either of the parties. And, unless the parties con
sent, in writing, that the cause may proceed before
him, he is peremptorily required, upon motion, to
change the venue, and the mode of changing the
venue in such case admits of no discretionary limita-
tion. (See the authorities cited under the 3d point
above. See also, 1 *Hopkins, Ch. R.* 2 ; 1 *Clark*, 179;
5 *Paige*, 309 ; 3 *Comstock's R.* 547.)

6. The application for a change of venue in this
cause comes under the operation of the act of the leg-
islature of Wisconsin, approved March 29, 1853, enti-
tled " an act concerning the change of venue." The
reversal of the final decree in this cause by the Su-
preme Court did, in effect, make a new case, by requi-
ring the adding of new parties. The bill was amend-
ed by making new defendants, and thus, in effect,
making a new cause. There had been no change of
venue, nor had the cause been continued since the
amendments. And even if the court should be of
opinion that it is not a new suit as regards the de-
fendant Cushing, it certainly is as regards the new
parties, some of whom united in the application, and

Dec. Term
1858.

Hunger-
ford
vs.
Cushing
et al.

whose rights could not be prejudiced by the prior proceedings in the cause. And the petitions and affidavit being in conformity with the requirements of the Act, the application is to be granted as a matter of course, and is not to be left to the court as a mere matter of discretion. *Sess. Laws of Wisconsin*, 1853, *page* 51. See also authorities cited under 3d point.

Mr. Bartlett submitted a written argument upon these points at length, but the argument is too long for insertion entire, and the reporter has not ventured upon a synopsis. Indeed, justice to the counsel would not admit any abbreviation, and we have felt compelled to omit it altogether.

*J. H. Knowlton and A. L. Collins* for the appellee.

*By the Court*, WHITON, C. J. This is an appeal from an order of the Circuit Court for Dane county, denying a motion for a change of venue in the case. The petitions which were filed in the court below, set out three causes for the change, viz: the prejudice of the judge; that the judge had been of counsel for the complainant, and that he was interested in the cause. In order to show clearly the nature of the various questions involved, it may be well to quote at length the statutes under which this application is made. Section one, of chapter ninety-five, of the Revised Statutes, is as follows:

"If either party in any civil cause, in law or equity, which may be pending in any court of record in this State, shall fear that he will not receive a fair trial in the county in which such cause is pending, on account that the judge is interested or prejudiced, or is related to, or shall have been of counsel for, either party, or that the adverse party has an undue influ-

ence over the minds of the inhabitants of the county Dec. Term 1853.

Hunger-
ford
vs.
[Cushing
et al. where the action is pending, or that the inhabitants of such county are prejudiced against the applicant, or that a large number of the inhabitants of such county have an interest in the question involved in said suit, adverse to the applicant, so that he cannot expect a fair trial, such party may apply to the court in term time, or to any judge in vacation, by petition, setting forth the cause of the application, and praying a change of venue, accompanied by an affidavit verifying the facts in the petition stated ; and such court or judge, reasonable notice of the application having been given to the opposite party, or his attorney, shall, if satisfied of the truth of the allegations, award a change of venue to some county where the causes complained of do not exist ; and in all cases where the judge is interested, or is related to, or has been of counsel for, either party, the court, in term time, may award a change of venue as aforesaid, in their discretion, without any application from either party."

The legislature have made other provisions upon the subject, by an act passed on 29th of March, 1853, the first section of which is as follows :

" Whenever any person shall apply for a change of venue, of any cause pending in any court of record in this State, on account of the prejudice of the judge of said court, in the manner provided by the first section of chapter ninety-five of the Revised Statutes, it shall be the duty of the judge or court to which such application is made, to award such change of venue. *Provided*, that not more than one change of venue shall be awarded in a cause ; and this act shall not be [so] construed as to authorize a change of venue

A*

Dec. Term
1853.

Hungerford
vs.
Cushing
et al.

in any cause wherein a change of venue has been already awarded. *And provided further*, that in cases now pending in the courts of record in this State, wherein either party may have continued the case for one or more terms, a change of venue shall not be awarded in such case, otherwise than is provided in chapter ninety-five of the Revised Statutes ; but it shall be tried in the court where it is now pending, unless changed according to the provisions of said chapter."

The above are all the provisions of the statute bearing upon the subject.   The appellants claim, that by virtue of the act of the legislature last above recited, the judge had no discretion upon the subject, but was obliged to change the venue upon the filing of the petition and the affidavits, for the reason that this was a new suit, not pending when the act of the legislature was passed, and never had been continued by either party when application was made to change the venue.   It is admitted that the suit was pending between the complainant, and Cushing, one of the defendants, at the time of the passage of the act; but it is insisted, that by making Loring, administrator of Rantoul, Dexter, Harrington and Green, parties defendant since, then the suit, as to them, is a new one, and that they are entitled to have the venue changed by the mere filing of the petition and affidavit prescribed by the statute.   It is somewhat difficult to give a satisfactory construction to the statute.   It would seem that in a chancery suit, where it is quite common to add new parties, as new interests are developed in the progress of the suit, and when the parties thus added frequently have interests hostile to those of all the previous parties, it would be proper

Dec. Term 1858.

Hunger-ford
vs.
Cushing
et al.

to allow a party thus added, to change the venue, although it had been previously changed by one of the original parties. This however, cannot be done, according to the act of the legislature under consideration, unless the suit, by adding new parties, becomes a new one.

But it is not necessary to decide this question, as the record of this case shows that Rantoul, (who is now represented by his administrator Loring,) and all the petitioners for the change of venue except Loring, were originally parties, that while they were thus parties, the suit was continued for a number of terms, and that the venue was twice changed. It cannot be doubted that if the bill had never been dismissed as to these defendants, and Loring had taken the place of Rantoul, as his administrator, the venue could not have been changed by virtue of this act. It seems equally clear that the dismissal of the bill as to all the defendants except Cushing, and subsequently restoring them to the case, cannot have the effect to make the case a new one.

As to all the petitioners except Loring, (who represents Rantoul) the case is the same ; they do not now appear in the case as new parties. It is apparent therefore, that the venue cannot be changed by virtue of this act.

But the appellants contend that the judge erred in denying their motion, for the reason that the affidavits which they filed with their petition showed that he was prejudiced, that he was interested in the event of the suit, and that he had been of counsel for the complainant.

The consideration of these questions makes an examination of the provisions of the Revised Statutes

Dec. Term
1853.

Hunger-
ford
vs.
Cushing
et al.

above recited, necessary. It has been contended, that when application is made to change the venue, on account of the prejudice of the judge, the fact to be established is the fear of the party that he will not receive a fair trial on account of such prejudice, and not the prejudice of the judge in fact. It will be seen, by a reference to the statute, that the prejudice of the judge is classed with the other facts, of the existence of some one of which the judge must be satisfied in order to justify him in changing the venue. The phraseology of the act does not require that such a construction should be given to it; and it will hardly be contended that such a construction should be adopted except from necessity. The fears of the party, if unfounded and causeless, the result, perhaps, of false information, acting upon a credulous and timid mind, constitute no suitable reason for the action of a court or judge; and no enactment of the legislature should receive a construction which would compel a judicial investigation of such a subject, if one better adapted to secure the rights of the parties can with propriety be given to it. The party applying for the change of venue must satisfy the court or judge that some one of the facts exists, or he is not entitled to the change. The question then recurs, did the petitioners furnish satisfactory proof to the court below, that the judge was prejudiced, or that he was interested, or that he had been of counsel for either party?

The language of the statute is, "and such court or judge, reasonable notice of the application having been given to the opposite party or his attorney, shall, if satisfied of the truth of the allegations, award a change of venue," &c. The evidence submitted by

Dec. Term
1853.

Hunger-
ford
vs.
Cushing
et al.

the party who applies for the change, should be such, in kind and degree, as would satisfy a reasonable and impartial mind; regard being had to the nature of the fact to be proved. It is insisted by the counsel for the complainant, that when application is made to a judge to change the venue, on account of his own prejudice, he must decide the question with reference to his consciousness alone, regardless of the proofs contained in the affidavits; as, if the fact exists, he must be conscious of it; and no amount of extrinsic evidence ought to satisfy him of the existence of feelings within his own heart, which his own consciousness informs him have no place there. By the term "prejudice," as used in the statute, I do not understand an opinion formed beforehand upon the questions of law involved in a case; because the legislature cannot have intended to make an acquaintance with legal principles a disqualification to hear and determine causes. It must mean an opinion or judgment in regard to the case, formed beforehand, without examination, or a prepossession. It is apparent, that when an application is made to a judge to change the venue for this cause, he is obliged to pass upon the state of his own mind or feelings, in order to decide the question. The statute does not allow him to change the venue, unless he is satisfied that the allegation contained in the petition is true. It may be asked, can he be satisfied that he is prejudiced in a case, when he does not know either of the parties, or the subject matter of litigation between them? And yet, if the view of this subject taken by the appellants is to prevail, the judge, in such a case, should change the venue, if the facts contained in the affidavits are sufficient to satisfy a reasonable mind that the prejudice exists.

Dec. Term
1853.

Hunger-
ford
vs.
Cushing
et al.

In other words, he should decide a question in regard to the condition of his own mind and feelings by extrinsic testimony, regardless of their actual condition, as determined by his own consciousness.

A scene cannot well be imagined, which would be more disgraceful to a court, or better calculated to bring contempt and ridicule upon it, than a trial of such a question, conducted upon the principles contended for by the appellants. If the testimony contained in the affidavits of the parties is to prevail, regardless of the actual feelings of the judge, his private and social relations, his friendships, his animosities, real or supposed, expressions which he may have made heedlessly in relation to the parties, or some one of them, his private conversation, and the interests of his friends, all would be made the subjects of judicial investigation before himself, and any opinion which he might form upon such testimony, would be subject to review in this court.

This view of the matter is not sustained by the authorities. No statute similar to the one under consideration has been passed by the legislature of any other State, and no decisions of other courts can be formed which throw light upon this question. The cases of *Clarke vs. The People*, 1 *Scam.* 617; *McGoon vs. Little*, 2 *Gill.* 42 ; 5 *Blackf.* 122 ; were decided under a statute entirely different from ours, as the judge had no discretion when the affidavit for the change of venue was made, and was in conformity to the statute. But this court has in effect decided in a case not reported, that no appeal would lie from an order of a circuit judge refusing a change of venue, when the application was made for the alleged reason that the judge was prejudiced. The question was de-

cided on an application for a mandamus to compel
the judge of the Second Circuit to change the venue.
in a case foɪ that reason.  I shall follow tnat decision
It is apparent that no appeal will lie in a case where
the appellate court cannot look at the testimony upon
which the court below decided the question, and if
the views above expressed upon that subject are cor-
rect, this is precisely such a case.

But the appellants contend that the affidavits show
that the judge is interested, and his interest is at-
tempted to be shown by the admissions or statements
made by his counsel when he was on tɪial before the
court of impeachment.  It appears that one or more
of the charges made against the judge, grew out of
his conduct in relation to this case, and it is shown in
one of the affidavits, that one of his counsel, in his ar-
gument before the court, insisted that Cushing, one
of the defendants, had violated the trust declared in
the trust deed, which is one of the matters in contro-
versy in this suit.  This statement or admission of
the counsel, the appellant's claim, must be considered
as the personal admission of the judge, and shows
that he is interested, in the sense in which that term
is used in the statute.  The only reason urged in sup-
port of this conclusion, is, that he has a strong motive
for sustaining, in his decision of the case, the view of
the question taken by his counsel before the court of
impeachment.  Without attempting to decide how
far the statements of counsel, made under such cir-
cumstances, ought to be relied on to show the in-
terest of the judge, it is sufficient to observe, that the
interest of the judge which constitutes a reason for
changing the venue must be a pecuniary interest, and

DEC. TERM
1853.

that the admission of his counsel does not tend to show any such interest.

Hunger-
ford
*vs.*
Cushing
et al.

The remaining cause set forth in the petition for a change of venue is, that the judge had been of counsel for the complainant in a matter embraced in the pleadings in this case.

To maintain this allegation, the appellants rely on an admission made by him in the course of his trial before the court of impeachment. This admission is to the effect that he was retained by the complainant to examine the points raised on a motion which had been argued, to quash an indictment which had been found against him in the District Court of the United States for perjury, and to assist at another argument of the motion ; that the motion was not argued after he was retained, and that he was paid by the complainant the sum of fifty dollars for his services.

It appears, from the affidavits accompanying the petition, that the perjury charged upon the complainant was alleged to have been committed by him in swearing to an affidavit before the register of the Chippewa Land District, which set forth that he had entered upon certain land, (the same which constitutes one of the subjects of litigation in this suit,) in his own right, and exclusively for his own use and benefit; and that he had not directly or indirectly made any agreement or contract with any person or persons by which the title he might acquire from government would enure to the use or benefit of any other person or persons at any time thereafter. It appears further, from the affidavits, that the indictment set forth, that before making the affidavit, the complainant alone and in conjunction with others had

made and executed deeds to Caleb Cushing, by which such title would enure to the use and benefit of the latter, or of other persons.

The appellants insist, that, as one of the objects of the bill in this case is, to procure the cancellation of the deed mentioned in the indictment, executed by the complainant and others to Cushing, in which certain trusts are declared in favor of various persons, because the trusts declared in the deed, have not been performed as they allege, and as the defendants insist that the trusts have been performed, the retainer which the judge received from the complainant, establishes the fact that he has been of counsel for him in this suit in the sense in which that term is used in the statute. It is contended by them, that the same subject is litigated in this suit, which was in the prosecution for perjury, viz: the trust deed. But without expressing any opinion as to the propriety of the conduct of the judge, in accepting the retainer, and engaging to assist at the argument of the motion to quash the indictment in the United States Court, when his client had an important cause pending in the court, over which he presided, in which the deed mentioned in the indictment was a subject of controversy, still, I do not see as he can be said to have been of counsel in the sense in which that term is used in the statute. If the same questions arose on the two cases, I should be of opinion that the appellants had brought their case within the statute, although the retainer was not in this suit. But the questions in the two cases, though in some measure growing out of the same transactions, are quite different. The perjury was alleged to have been committed by the complainant, in swearing that he had not made any contract

Dec. T. rm
1853.

Hunger-
ford
vs.
Cushing
et al.

by which the title which he might acquire from government, would enure to the use of any person except himself, or to convey such title to any other person or persons at any time thereafter, whereas before swearing to the affidavit, he had made and executed to Cushing, one of the defendants in this suit, a deed by which such title would enure to him or to other persons. The important question of fact arising upon the indictment, was, whether such a deed had been made; The question here is, have the trusts which are declared in the deed, been fulfilled? No question is made as to the execution of the deed; both parties admit its execution, and the defendants claim important rights under it.

But it appears from the admission of the judge, that he was not retained to assist at the trial of the complainant, when this important question of fact, was to be determined, but was only to argue the questions of law arising upon the motion to quash the indictment. This, perhaps, does not change the effect of the retainer, but it does not tend to show that he was retained to assist the complainant in any matter which is the subject of controversy in this suit.

Upon the whole, I do not think that the statute can be extended to this case. It follows from the view I have taken of this matter, that the order of the Circuit Court must be affirmed.