## DANIEL R. BURRELL *vs.* JOHN LAMM.

*Justice of the Peace—Jurisdiction—Appeal to the Circuit Court—Finality of Judgment of Circuit Court—Act of 1882, ch. 355—Landlord and Tenant.*

Where jurisdiction is given to a justice of the peace, and an appeal to the Circuit Court, the judgment of the Circuit Court is final; and no appeal lies therefrom to the Court of Appeals. An exception to this rule is found in the case of a justice of the peace who had no jurisdiction over the case tried before him.

The Act of 1882, ch. 355, which gives to a single justice of the peace jurisdiction to hear and determine cases between landlords, and tenants holding over after the expiration of their terms, requires that the complaint shall be made to the justice in writing, and shall state, in substance, that the landlord had rented certain property to the tenant for a term that has then ended; that he had given the tenant notice in writing to quit, such as the law required, and that

the tenant had not complied with it. When these allegations are made, jurisdiction to hear and determine the case is vested in the justice.

APPEAL as upon Writ of Error, from the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING and BRYAN, J.

*William Young,* for the appellant.

*H. Arthur Stump,* for the appellee.

STONE, J., delivered the opinion of the Court.

This is a writ of error from the Circuit Court for Harford County. The case is this: Proceedings were instituted before a justice of the peace for that county, by a landlord against his tenant, under the Act of 1882, chapter 355, to recover possession of the leased premises. The justice gave judgment in favor of the landlord, and the tenant appealed to the Circuit Court for Harford County, and the judgment of the justice was affirmed by that Court. The tenant then brought the case here, upon a writ of error from the Circuit Court for Harford County.

The writ of error in this case must be quashed. Where jurisdiction is given to a justice of the peace, and an appeal to the Circuit Court, the judgment of the Circuit Court is final, and no appeal lies to this Court from the Circuit Court in such a case.

An exception to this rule is found in the case of a justice of the peace, who had no *jurisdiction* over the case tried before him. In such a case a writ of error or appeal might lie to this Court from the Circuit Court, to which an appeal from the justice had been taken.

Burrell *vs.* Lamm.

The writ of error is allowed in such case to this Court,. *not* for the purpose of correcting an erroneous judgment, but for the purpose of restraining an inferior tribunal from exercising a jurisdiction, to which it was not entitled by law. But such is not this case.

The Act of 1882, chapter 355, gives to a single justice of the peace the jurisdiction to hear and determine cases between landlords, and tenants holding over after the expiration of their terms. This statute requires the landlord to make his complaint in writing to the justice. This complaint must state, in substance, that the landlord had rented *or leased* certain property to the tenant for a term that has then ended; that he had given the tenant notice in writing to quit, such as the law requires in his particular case, and that the tenant had not complied with it.

When these allegations are made, the jurisdiction to hear and determine the case, is vested in the justice.

Now, every statement in writing required by the Act of 1882, chapter 355, and its amendment, the Act of 1886, chapter 470, to be made by the landlord, has been made in this case with great precision and certainty, and the justice had full power and authority to hear and determine the case. If the judgment of the justice was erroneous, it could only be corrected by the Circuit Court for Harford County, whose judgment is final.

*Writ of error quashed.*

(Decided 3rd November, 1887.)