JOHN W. OWENS, THOMAS P. GRAY AND ALOYSIUS B. GARDNER, COUNTY COMMISSIONERS FOR CHARLES COUNTY, A CORPORATION,

*vs.*

L. ALLISON WILMER, USE OF THE EASTERN SHORE TRUST CO., A CORPORATION.

*Justices of the Peace: not courts of record. Judges: "interest";
Constitution, Article 4, section 7. Certification to
fee allowed counsel not a disqualification.*

Where the Court appoints attorneys to defend parties on trial in criminal proceedings, and certifies to their services and pay agreed upon, it is the duty of the County Commissioners to pay the same.                                              p. 178

No appeal lies to the Court of Appeals from a judgment recovered on appeal from a justice of the peace, if the justice rendering the judgment and the Circuit Court in affirming it had jurisdiction of the case.                            p. 177

The disqualification contained in section 7 of Article 4 of the Constitution, prohibiting any judge from sitting in a case wherein he may be interested, applies only to judges of courts of record or of law, and does not apply to a justice of the peace.                                              p. 177

The office of a justice of the peace is not considered as a court of law or a court of record.                            p. 177

The interest in a case to bring about a disqualification under this section must be one of a pecuniary or personal right or privilege, in some way dependent upon the result of the case, as contradistinguished from bias, partiality or prejudice which the judge may entertain with reference to it.          p. 180

Where judges of a Circuit Court appointed counsel to defend an accused, a certification to the County Commissioners that the fee allowed him was a proper one, and one which the County Commissioners should pay, was *held* to be an expression of their opinion on both the law and the fact, yet it did not operate so as to amount to a disqualification because of "interest," such as to prevent their sitting in the case on appeal from the judgment of the justice of the peace in a suit to recover the fee.                                          p. 180

*Decided June 27th, 1917.*

Appeal from the Circuit Court for Charles County. (BRISCOE, C. J., BEALL and CAMALIER, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Adrian & F. Stone Posey,* submitted a brief for the appellants.

*Mitchell & Diggs* and *L. Allison Wilmer,* submitted a brief for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This appeal was taken from a judgment recovered upon an appeal to a Circuit Court, from a judgment rendered by a Justice of the Peace. The only question involved before us, of course, is a jurisdictional one, since it is an absolutely settled question in this State, that no appeal lies to this Court

from a judgment recovered on an appeal from a Justice of the Peace, if the Justice rendering the judgment, and the Circuit Court in affirming it, had jurisdiction of the case. *Cole* v. *Hynes*, 46 Md. 181; *Burrell* v. *Lamm*, 67 Md. 580.

The Circuit Court for Charles County, acting under the authority conferred by Article 26, section 7, appointed the legal plaintiff assistant counsel for the State in a criminal proceeding. At the conclusion of the case the Judges certified to the County Commissioners that the plaintiff had been so appointed by them, and had rendered the services for which he claimed compensation, and further certified that the fee claimed, of one hundred dollars, was a reasonable one, and should be paid. The plaintiff thereupon assigned the claim to the equitable plaintiff, which, upon the County Commissioners refusing to pay in full, brought suit for the balance before a Justice of the Peace. Judgment was given for the plaintiff and the defendant appealed to the Circuit Court.

Two pleas were filed by the appellant seeking to raise the question of jurisdiction, but demurrers interposed to them were sustained by the Court. By the first, it was alleged that the Justice of the Peace by whom the judgment was rendered was a stockholder of the appellee corporation and was therefore disqualified to hear the case. The contention is that the disqualification was brought about through the provision of section 7 of Article 4 of the Constitution, which reads as follows: "No Judge shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within such degrees as now are, or may hereafter be prescribed by law, or where he shall have been of counsel in the case." We can not accede to this proposition. The disqualification provided for by the Constitution refers only to Judges of courts of records or courts of law. The office of a Justice of the Peace has never been considered a court of law or a court of record. In *Weikel* v. *Cate*, 58 Md. 105, this Court said: "At

common law, justices of the peace were merely conservators or keepers of the peace, and although the Legislature in this State has conferred on them a limited jurisdiction in civil and criminal cases, the office itself has never been considered a court of law.

"This we think, is apparent from the Constitution, Article 4, section 1, by which it plainly appears, that a Court of law within the meaning of the Constitution, is a court of record." There being no constitutional provision nor statute touching the disqualification of a justice of the peace on the grounds here alleged, it follows that the justice in this case had jurisdiction to hear the case.

A very similar case on the facts, is that of *Worcester County* v. *Melvin,* 89 Md. 37, in which CHIEF JUDGE Mc-SHERRY, in delivering the opinion of the Court, announced, very instructively, the meaning and effect of sections 7 and 8 of Article 26 of the Code, taken in connection with section 266 of Article 24 of the Local Code applicable to Worcester County, by which it was provided that no compensation should be allowed an attorney rendering services under the terms of sections 7 and 8, Article 26 of the General Code, except upon the order of the Court, certifying the nature of the services and the amount to be paid for such services. It was held that this placed upon the Commissioners the imperative duty of levying for and paying the amount so certified. Although there is no statute applicable to Charles County similar to that in force in Worcester County, forbidding the compensation to be paid unless the Court fixes the amount, yet the reasoning used in the case cited is equally pertinent as to this case, as to that.

The Court said: "This legislation gives to the Court ample authority not only to assign counsel to defend an accused, but to fix and define, not exceeding a designated maximum sum, the amount of compensation to be paid by the County Commissioners for such services. The General Assembly has seen fit to repose in the courts this authority. It is an

authority immediately connected with the administration of justice and could not well be lodged anywhere else without seriously interfering with the very object the legislation was designed to accomplish. If to the County Commissioners were committed the power to determine the amount of compensation to be paid in such cases; or if, as is contended for in this proceeding, they were clothed with a discretion to allow or disallow altogether, the sum claimed, it would embarrass the courts most seriously in the trial of criminal causes, because courts would then be reluctant, if not wholly unwilling, to impose upon a member of the bar the labor and responsibility of defending an accused, inasmuch as there would then be no certainty that the labor when performed, though performed in obedience to the Court's instructions, would be adequately paid for, or even paid for at all."

Although in several of the counties there is no prohibition upon the commissioners, like that in Worcester County, yet the practice prevails in many of them of having the courts certify to the appointment, services and amount to be paid, thus following the interpretation placed upon sections 7 and 8 of Article 26 by this Court.

The question, however, raised in the present case under the second plea is whether, under the Constitution, the action of the Court in certifying, as above stated, resulted in their disqualification to sit in the case. And this, of course, must be determined upon whether their action is to be held as bringing them within the class embraced within the words "in any case wherein he may be interested."

The contention made by the appellant is, that the disqualification is caused by a sentimental, as well as by a pecuniary interest. In other words, by pride of opinion. Disqualification by constitutions and statutes are imposed, not only through the fear that judges might act dishonestly or with partiality, but in order that courts might be free from all suspicion of partiality, and thus promote the feeling that all litigants may feel confident, as they have a right to so feel,

that their interests are in the hands of fearless, fair and impartial judges. In some of the States prejudice and bias have been made, by statute, the basis for disqualification, but in those jurisdictions the bias and prejudice refer not to the subject matter of the litigation, but only to the mental attitude of the judge towards the parties. In this case the judges, following their practice, merely expressed for the guidance of the Commissioners that, in their opinion, the charge was reasonable and proper and should be allowed. While this was an expression of their opinion on both the law and fact, yet, in our opinion, it could not operate so as to amount to a disqualification because of "interest" to sit in the case that afterwards arose.

The Constitution or statutes of most, if not all, of the different States contain a general provision to the effect that a judge shall not act as such in a cause in which he is interested, but the overwhelming weight of authority in construing the meaning that is to be attached to the provision is, that to bring about a disqualification, the interest must be a pecuniary or a personal right or privilege in some way dependent upon the result of the case as contradistinguished from every bias, partiality or prejudice which the judge may entertain with reference to the case.

Of course, the cardinal rule in construing all written instruments, where there is any doubt apparent as to the meaning of the language used, is to search for the intention of the makers, and when that is discovered, that intention must govern. Reading the language of section 7 of Article 4 it is found that it enumerates the only instances in which an interest, not necessarily pecuniary, will disqualify a judge. These are where he has been of counsel in the case, or where either of the parties may be connected with him by affinity or consanguinity within a certain degree. By naming those special cases where the judge's feelings may be interested, though he may not gain or lose by the event of the suit, the law, doubtless, intended to limit all other cases of interest to

such as should be of a pecuniary nature. The judge must, by the judgment in the case, gain or lose something, the value of which may be estimated; and we can not engraft upon our Constitution that a judge is disqualified because he has expressed his opinion as to the case. *McInnes* v. *Wallace* (Texas), 44 S. W. 537; *King & Davidson* v. *Sapp,* 66 Texas, 519; *Ex Parte State Bar Association,* 92 Ala. 113; *Foreman* v. *Marianna,* 43 Ark. 324; *Sauls* v. *Freeman,* 24 Fla. 209; *Foreman* v. *Hunter,* 59 Iowa, 550; *Sjoberg* v. *Nordin,* 26 Minn. 501; *Conklin* v. *Squire,* 4 Ohio Dec. 493; *Hungerford* v. *Cushing,* 2 Wis. 397; *Inhabitants of Northhampton* v. *Smith,* 11 Met. (Mass.) 395.

The appellants, after the overruling of their demurrers, filed a suggestion for the removal of the case to some other court for trial. It is settled that the provisions of the Constitution pertaining to the removal of causes gave the Circuit Courts no power to remove causes pending before them on appeal. *Hoshall* v. *Hoffacker,* 11 Md. 362; *Cooke* v. *Cooke,* 41 Md. 368; *Geekie* v. *Harbourd,* 52 Md. 460.

Being of the opinion, therefore, that neither the Justice of the Peace, nor the Judges, were disqualified from sitting in the case, it follows that they had jurisdiction, and this appeal must be dismissed.

*Appeal dismissed, the appellants to pay the costs.*