## YAMIN *v.* STATE
[No. 109, October Term, 1953.]

*Decided April 30, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Martin J. Yamin* in proper person.

*Ambrose T. Hartman, Assistant Attorney General,* with whom were *Edward D. E. Rollins, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and *George D. Solter, Assistant State's Attorney,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment entered on the verdict of a jury.

The appellant, Martin J. Yamin, was tried on an indictment which charged him, Angelo Napoli, Cecil Roil, and Lee Clarence Cohn with unlawfully conspiring, from the first day of December, 1950, and continuing until February 28, 1951, to cheat and defraud Ellis H. Barnes, William C. Robinson & Son Company, and the Globe Indemnity Company, by deliberately causing an automobile accident with an automobile, owned by the said William C. Robinson & Son Company, and operated by the said Ellis H. Barnes and insured by the said Globe Indemnity Company. Appellant was tried separately from his co-conspirators. He pleaded not guilty and requested a jury trial. The jury returned a verdict of guilty and on September 30, 1953, appellant was sentenced to one year in the Maryland Penitentiary from March 30, 1953, sentence to be served concurrently with another sentence he was then serving in that institution. He has served both sentences.

The State contends that the appeal in this case should be dismissed for failure of the appellant to comply with Rule 39, Section 1(e), of the Rules of the Court of Appeals, which requires that the appendix to appellant's brief contain "such parts of the record as he desires the Court to read". None of the record was contained in the appendix to appellant's brief other than the indictment and the charge given by the trial judge to the jury. Shortly after the adoption of this Rule, Chief Judge Marbury, in *Strohecker v. Schumacher,* 185 Md.

144, 146, decided June 28, 1945, stated: "When we passed Rule 36 of this Court, doing away with the necessity of printing the record on appeal, it was done with the intention of decreasing the cost of appellate litigation. For that reason the only things required by that rule to be printed were the judgment, decree or order appealed from, and any opinion or charge of the Court. But by Rule 39, it was stated that the appendix to the appellant's brief, in addition to the above requirements, should contain such part of the record as appellant desired the Court to read. In the case before us, as will subsequently appear, the most important contention of appellant is the lack of adequate evidence to take the case to the jury. Yet he nowhere prints in the appendix to his brief the evidence bearing on the question he raises. This Court would be entirely justified in not deciding this question at all, because the appellant has not indicated by printing it, that he desires us to read this evidence and we could not pass upon the point without examining the testimony. We will not take such a drastic step in this case because the rule is new in this Court, although it has been in effect in the Federal Court for a number of years. However, in the future, we do not intend to pass the one typewritten copy of the record from member to member of this Court so that each one may hunt up for himself what the appellant is discussing in his brief." In *Platt v. Wilson*, 191 Md. 371, decided November 10, 1948, the appeal was dismissed on account of the failure of the appellant to include an appendix to his brief. In *Musser v. Bank of Takoma Park*, 195 Md. 100, decided April 14, 1950, the appeal was dismissed for the same reason. In *Sunshine Laundry Corp. v. White*, 197 Md. 582, 584, decided April 18, 1951, in which the appeal was dismissed for inadequacy of appellant's appendix, Chief Judge Marbury said: "In the consideration of a motion for a directed verdict by the trial court, it is the well-recognized rule that all material evidence, with all proper inferences to be drawn therefrom, shall be considered by the court

in a manner most favorable to the party against whom the motion is made. When such a question comes here on appeal, it is obvious that we cannot determine whether the ruling of the trial court was correct, or whether a verdict should have been directed, unless we also have before us all the material evidence." See also *Condry v. Laurie,* 186 Md. 194; *Butler v. Reed-Avery Co.,* 186 Md. 686; *Foley v. Hoffman,* 188 Md. 273, 288; *Grimm v. Virts,* 189 Md. 297, 299; *Naughton v. Paul Jones & Co.,* 190 Md. 599, 604; *Bishop v. Richard,* 193 Md. 6, 8; *Seybolt v. Baber,* 203 Md. 20; *Schwartzman v. Payne,* 203 Md. 256. In all of those cases the necessity of complying with this Rule was discussed. In *Gmurek v. Kajder,* 203 Md. 437, 440, decided December 10, 1953, in which the appeal was dismissed for the breach of Rule 39, Section 1(e), *supra,* Chief Judge Sobeloff said: "The rule has been interpreted to mean that the appendix should contain all the material evidence which it is necessary for the Court to consider in deciding whether a directed verdict should have been granted. All the necessary material is not presented when the appellant reproduces in the appendix only the testimony which supports his contentions, ignoring what militates against him, for the Court cannot ignore the opponent's testimony in judging the legal sufficiency of the evidence." See also *Williams, et al v. State,* 204 Md. 55.

We have decided cases on uncontroverted facts set out in the briefs and in the opinion of the trial judge or chancellor. *Grimm v. Virts, supra,* 299; *Naughton v. Paul Jones & Co., supra,* 604, 605. In the instant case, however, the charge to the jury contains the law of the case, but no facts. The jury, of course, had the facts before them. Although the brief of the State attempts to summarize the facts of the case, the appellant in his reply brief states: "Certain incorrect and completely untrue statements have been made by the Appellee which should be straightened out for the purpose of eliminating any misconceptions which might result. The comments on the inaccuracies are made in the order in which they

appear in the Appellee's Brief." He then calls attention to five pertinent statements of facts in the State's brief which he claims are erroneous and refers to the voluminous transcript to sustain these contentions. Appellant does not admit that the statements in the brief of the State are otherwise correct. In fact, the appellant says in his reply brief: "Appellee does not tell a complete story but only that part or parts which happen to favor its case." Therefore we do not have the uncontroverted facts in the briefs or in the appendix.

In *Hill v. State*, 190 Md. 698, a criminal case, we repeated the language above quoted from *Strohecker v. Schumacher, supra*, and dismissed the appeal because the appendix to appellant's brief was inadequate, containing only the docket entries of the trial below. Here the appendices as above stated contain nothing other than the indictment and the charge to the jury. In *Haley v. State*, 200 Md. 72, a criminal case, we again called attention to the failure of the appellant to include the evidence in the appendix to his brief. There we did not dismiss the appeal because it was agreed at the argument in this Court that the only essential facts not contained in the appellant's brief were certain obscene remarks made by the appellant. In *Williams v. State*, 204 Md. 55, another criminal case, it was said: "Where it is shown that an appellant in a criminal case has failed to reproduce in the appendix to his brief material testimony required under Rule 39, the appeal will be subject to dismissal, the same as in civil cases. *Hill v. State*, 190 Md. 698, 703, 59 A. 2d 630. Cf. *Haley v. State*, 200 Md. 72, 75, 88 A. 2d 312."

The only contention of the appellant in this case is the lack of adequate evidence to corroborate the testimony of the alleged accomplice, Lee Clarence Cohn. He contends that on account of the lack of this evidence, the case should not have been submitted to the jury. Therefore, to decide the only question presented, it is peculiarly essential here that we have the record of the testimony,

412

which we do not have. Without such testimony, of course, the case cannot be decided. We must dismiss the appeal.

*Appeal dismissed, with costs.*