## HENWOOD v. SUPERINTENDENT OF MARYLAND STATE REFORMATORY FOR MALES

[H. C. No. 50, September Term, 1957.]

*Decided December 24, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

James B. Henwood requests leave to appeal from a denial of his petition for a writ of *habeas corpus* by Judge Manley in the Baltimore City Court.

The petitioner was convicted of robbery in the Criminal Court of Baltimore, and sentenced to not more than five

608

years' confinement in the Maryland State Reformatory for Males.

He contends (a) that the evidence was insufficient to justify his conviction, and (b) that he was denied due process of law, because the trial judge did not, prior to imposing sentence, ask him if he had any reason to assign why sentence should not be pronounced.

### (a)

The writ of *habeas corpus* may not be utilized to redetermine the question of guilt or innocence of a convicted person, or the sufficiency of the evidence. *Lucas v. Warden,* 211 Md. 626, 627, 126 A. 2d 295.

### (b)

Assuming, without deciding, that it is a proper question to consider on *habeas corpus* proceedings, the failure of a trial judge to ask a convicted defendant if he has any reason to assign why sentence should not be imposed is not a proper ground to reverse the judgment and sentence, in the absence, as is the case here, of a showing that the defendant was, or might have been, prejudiced thereby. *Dutton v. State,* 123 Md. 373, 383, 91 A. 417; *Farrell v. State,* 213 Md. 348, 354, 131 A. 2d 863.

*Application denied, with costs.*