## BICKNELL *v.* STATE

[No. 209, September Term, 1959.]

*Decided May 16, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John W. Jacobs, Jr.,* for the appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Daniel Prettyman, State's Attorney for Worcester County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from the judgment and sentence of the appellant to six months in the House of Correction and a fine of $500, suspended on condition that he pay the fine.

The appellant was represented by counsel of his own selection, tried before the court without a jury, and convicted of unlawfully obstructing justice by interfering with the arrest of his wife, Sallie W. Bicknell, by Deputy Sheriff Tyler. It is stipulated that no court stenographer was present at the trial, no record made of the testimony of the witnesses, or objections thereto, if any, and that no notes were taken by anyone from which a record could be prepared and agreed upon. The State has moved to dismiss the appeal. Obviously, there is nothing for us to pass upon. There is not even a specification of error in the judgment or any other ruling of the trial court, if any. The appellant contends, however, that, since court stenographers are usually available, he had an absolute right to have the trial proceedings recorded so as to enable him to perfect an appeal, and the fact that he went to trial without a stenographer present did not constitute a waiver.

We find no merit in these contentions. In *Banks v. State,* 203 Md. 488, 494, 102 A. 2d 267, we held that the right or privilege is one that may be waived in a criminal case. Cf. *Newark Trust Co. v. Trimble,* 215 Md. 502, 506, 138 A. 2d 919, and *Jefferson v. State,* 218 Md. 397, 401, 147 A. 2d 204. The appellant seeks to distinguish the *Banks* case on the ground that there the defendant's attorney, who was in fact the same attorney who represented the appellant in the instant case, was informed that no stenographer was available in court to take the testimony, and in the presence of his client stated that "they were willing to proceed without a stenog-

418

rapher". In the instant case, it is stipulated that there was no specific waiver, but also that prior to or during the trial there was no request for the services of a stenographer, or any request for a postponement to obtain one. The record makes it clear, we think, that the attorney for the accused knew that a stenographer was not present, and that, in the absence of a record, a review on appeal probably could not be had. As stated in *Commonwealth v. Ashe,* 74 A. 2d 656, 659 (Pa. Super.), "Certainly a defendant represented by counsel cannot keep silent at the trial, gamble on the verdict, and when it is found to be adverse, demand a new trial on the ground that he took no exception." See also *Commonwealth v. Diehl,* 107 A. 2d 543, 545 (Pa.). The cases are legion holding that during a trial counsel may waive review by failure to object to evidence, *Saldiveri v. State,* 217 Md. 412, 419, 143 A. 2d 70, by failure to file a motion for directed verdict, *Braxton v. State,* 214 Md. 370, 374, 135 A. 2d 307, or by failure to raise even constitutional points by seasonable objection. *Jackson v. Warden,* 218 Md. 652, 655, 146 A. 2d 438. We have often recognized the presumption that an attorney has authority to bind his client by his actions relating to the conduct of litigation. Cf. *Secor, Adm'r v. Brown,* 221 Md. 119, 123, 156 A. 2d 225, and cases cited.

*Judgment affirmed, with costs.*