## COSTELLO *v.* STATE

[No. 159, September Term, 1964.]

466

*Decided February 9, 1965.*

The cause was argued before HAMMOND, HORNEY, MAR-
BURY, SYBERT and OPPENHEIMER, JJ.

*Charles W. Bell,* with whom were *Bell & Bell* and *John T. Bell* on the brief for appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy and Charles Foster, State's Attorney and Assistant State's Attorney,* respectively, *for Montgomery County,* on the brief, for appellee.

OPPENHEIMER, J., delivered the majority opinion of the Court. HORNEY, J., dissents. Dissenting opinion at page 474, *infra.*

The appellant contends that his sentence upon a conviction for assault was imposed in violation of constitutional and legal mandates. No question is raised as to the conduct of the trial or of his guilt or innocence.

The appellant was convicted of assault by a jury in the Circuit Court for Montgomery County on March 9, 1964. Judge Shure presided at the trial. After the verdict, sentence was deferred pending a pre-sentence investigation. On April 27, 1964, the appellant was called before Judge Shure in open court for sentencing. His wife and mother testified on his behalf, but no transcript of the record, or record extract, has been filed in this appeal. The appellant was represented by counsel at all stages of the proceedings. At the conclusion of the testimony, Judge Shure again postponed sentencing. After the completion of the pre-sentence investigation, which the Judge had requested, the appellant was again brought to

court for sentencing on May 13. There was an unreported conference between the judge and appellant's counsel at the bench. After the conclusion of the conference, the appellant was sentenced to the House of Correction for 360 days. On May 14, the appellant filed a motion for modification or reduction of sentence, with two affidavits, and a motion to release him on bond pending the hearing. On May 20, he filed a motion that Judge Shure disqualify himself from any further participation in the matter. A hearing on these motions was had in open court on May 22, at which the appellant and his wife testified. Judge Shure overruled both motions, but ordered the sentence to begin April 27, 1964, instead of May 13, the date of imposition of sentence. Thereafter, notice of appeal was filed and the appeal bond set at $3,000.

During the May 22 hearing, Judge Shure made a statement in respect of a controversy which had developed between appellant's counsel and the judge, which was referred to in the affidavits filed with the appellant's motions. The judge said, *inter alia,* that at the sentencing hearing on April 27, the appellant's wife in her testimony had given the court the impression that the appellant was a good husband and a law-abiding citizen, whereas the judge had received information to the contrary from a part-time Assistant State's Attorney who had represented the wife in his private professional capacity. Judge Shure referred to the offense of which the appellant had been convicted as "an extremely aggravated assault", and stated that the pre-sentence investigation made by the Department of Parole and Probation disclosed five convictions involving theft, disorderly conduct, drunkenness, and operating a motor vehicle while the license was revoked. The judge said further that the report revealed the appellant was charged with assault on his wife in February, 1964, although the warrant was later withdrawn. Judge Shure told the appellant that the conduct of his attorney had no effect whatsoever upon the court's judgment in respect of sentencing him. The appellant, after a prior conviction, had been given three years' probation, the judge noted, and said "the Court is convinced that the only way that you are ever going to be

straightened out is to serve these 360 days in jail." The court then ordered the sentence to begin from the earlier date.

The appellant contends that neither he nor his counsel was ever informed, prior to the court's decision, of the content and nature of the allegations made by counsel for the appellant's wife; that his requests to submit his wife for questioning and for a one day continuance made at the bench conference on May 13 were improperly denied; and that his request to inspect the pre-sentence investigation report was also improperly denied. He contends, further, that at the hearing on his motions for modification or reduction of sentence and for disqualification of Judge Shure, the trial court improperly denied the proffer of appellant's counsel to call Mrs. Costello's former attorney as a witness and the further request of his counsel to take the stand himself and to argue the motions. He claims reversible error in the denial of the motion for disqualification. The State contests each of these allegations, and contends that the appellant can not argue the validity of his sentence upon this appeal.

In support of its contention that the sentence here involved is not reviewable on appeal, the State cites *Gleaton v. State,* 235 Md. 271, 277, 201 A. 2d 353 (1964), in which we reiterated the principle that, if the sentence is within the limits prescribed by law, it ordinarily may not be reviewed on appeal. There is no question here that the sentence is within the legal limitation. The appellant does not and could not claim that his 360 day sentence for assault constituted cruel and unusual punishment. *Gleaton v. State, supra; Adair v. State,* 231 Md. 255, 256, 189 A. 2d 618 (1963). The appellant's contention, however, is that the procedure in the determination of the sentence, in the light of the circumstances involved, violated his constitutional right to due process of law. That allegation, if supported, is reviewable on appeal as an exception to the general principle. See *Williams v. New York,* 337 U. S. 241 (1949) and Ann. "Imposing sentence and procedural due process", 93 L.ed. 1345. The State contends further that, in any event, the Uniform Post Conviction Procedure Act, Code (1957) Article 27, Section 645 A(b) (1963 Supplement), provides that no direct appeal lies from

the denial of a motion by the trial court for modification or reduction of the sentence. We agree. *Wilson v. State,* 227 Md. 99, 100-101, 175 A. 2d 775 (1961) and cases therein cited. However, because in this case the proceedings on the motion were closely related to those in the imposition of the sentence, and, as in *Wilson,* to avoid the delay and expense of a remand to permit the bringing up of the question on a petition for post-conviction relief, we shall indicate our views on the merits.

In our consideration of the merits, we are confined to what the record shows transpired. Maryland Rule 826 b, *Yamin v. State,* 204 Md. 407, 104 A. 2d 588 (1954). As has been noted, we do not have the benefit of the transcript of the sentencing hearing on April 27. We can not consider the nature or content of any informal, off-the-record conversations between the trial judge and the appellant's counsel. Whether the conduct of his counsel was or was not proper is not an issue here involved. Similarly, the question of whether or not the former counsel for the appellant's wife violated any professional privilege in communicating information to the trial judge without his client's consent is not before us, except to the extent, if any, that the attorney's disclosure infringed any of the rights of the appellant.

The appellant contends that he and his counsel were improperly denied the opportunity to inspect the pre-sentence report prepared by the Department of Parole and Probation. The record does not show that a request for inspection was made, or, if it was made, that it was denied, or that the judge did not tell the appellant's counsel of the contents of the report. The appellant's contention in respect of the non-disclosure of the report can not now, for the first time, be considered. Maryland Rule 885. *Bicknell v. State,* 222 Md. 416, 417, 160 A. 2d 608 (1960). In any event, as we said in *Driver v. State,* 201 Md. 25, 32, 92 A. 2d 570 (1952), "[T]he procedure in the sentencing process is not the same as that in the trial process. It is a fundamental principle that a person accused of crime shall not be convicted unless he is given reasonable notice of the charge and an opportunity to be heard in his defense and to examine adverse witnesses. But

the sentencing judge may consider information, even though obtained outside the courtroom, from persons whom the defendant has not been permitted to confront or cross-examine. *Murphy v. State,* 184 Md. 70, 40 A. 2d 239." 201 Md. at 32. See also *Williams v. New York, supra.*

The appellant relies upon the statement in *Driver,* 201 Md. at 32, that any information which might influence the court's judgment in imposing sentence which has not been received from the defendant or given in his presence, should be called to his attention or that of his counsel, so that he may be afforded an opportunity to refute or discredit it. However, the information here involved is contained in a pre-sentence report, and Maryland Rule 761 d specifically provides that such a report shall be subject to inspection by counsel "unless the court directs otherwise." The court, therefore, can refuse inspection in the sound exercise of its discretion. The presumption, here unrebutted, is that the court made proper use of the report. *Driver v. State, supra,* at 34. That presumption is fortified by the summary of the report given by Judge Shure at the May 22 hearing.

The appellant's grievances as to the sentencing procedure are largely based upon the use of the information volunteered by his wife's former attorney. Sparse as is the record, it is evident that at the sentencing hearing on April 27, the appellant's wife testified on his behalf to the effect that he was a good husband and father and that thereafter, before the imposition of sentence on May 13, the wife's former counsel (who, while an Assistant State's Attorney, did not participate in the appellant's trial) volunteered information to the contrary to Judge Shure. The appellant contends that the failure of Judge Shure to disclose this information to the appellant prior to sentencing constituted prejudicial error within the meaning of the *Driver* and the *Williams* cases, and that disclosure is clearly demanded by Maryland Rule 761 a, c and d. Even assuming that the provisions of the latter Rule are not limited to pre-sentencing investigatory reports, by his own affidavit, appellant's counsel admits that Judge Shure, at the unreported bench conference prior to sentencing on May 13, advised counsel of the substance of the allegations made by

the Assistant State's Attorney. Under such circumstances, we find no violation of the appellant's rights.

Whatever may have been the propriety or impropriety of the action of Mrs. Costello's former attorney, so much of this information as was a matter of record was clearly admissible against the appellant in the pre-sentence investigation, however procured. In the May 22 hearing, Judge Shure referred to the fact that the wife had sworn out a warrant against her husband for assault in the month preceding the trial. Although this warrant was subsequently withdrawn, the judge had the right to consider it, as to the credibility of the wife's testimony before him. The judge's statement indicates that it was the swearing out of the warrant which particularly influenced him as to the appellant's former conduct and his wife's veracity on the stand.

The complaint of the appellant that his wife was not permitted to take the stand to endeavor to rebut the statements made as to her husband's treatment of her is not supported by the record. She had testified at the April 27 hearing. An affidavit by her on this matter was filed with her husband's motion for modification or reduction of sentence on May 14, and she testified before Judge Shure at the hearing on that motion. Even though sentence had been imposed, the trial court has broad powers of modification within the 90 day period. Maryland Rule 764 b. Rule 761 a permits an accused or his counsel the opportunity to present information on mitigation of punishment, but this right was availed of at the hearing on April 27 and in the motions and affidavits filed thereafter. On the record, we find no prejudicial error in the refusal of the judge to permit the wife to testify at the May 13 hearing. See *Henwood v. Superintendent*, 215 Md. 607, 608, 137 A. 2d 310 (1957) and cases therein cited.

Nor was there prejudicial error in the refusal of the trial judge to permit the appellant's counsel to call Mrs. Costello's former attorney to the stand or to testify himself. The court had before it the affidavits of both counsel; the sentencing procedure does not eliminate the discretion of the trial judge in the admissibility of such testimony, particularly when, as here, the contentions of the appellant, his wife and his counsel,

had been made clear to the judge. See *Driver v. State, supra; Murphy v. State,* 184 Md. 70, 83, 40 A. 2d 239 (1944) ; and 1 Wigmore, *Evidence,* (3d ed.) Section 4, p. 25.

The granting or refusal of the continuance which the appellant's counsel states he requested at the bench conference on May 13 was within the sound discretion of the trial court. *Peddersen v. State,* 223 Md. 329, 337-38, 164 A. 2d 539 (1960) and cases therein cited. No prejudicial abuse of discretion has been shown.

Appellant's contention that his counsel was not permitted properly to argue at the hearing on the motion to disqualify on May 22 is not supported by the evidence. The trial judge expressly permitted counsel to argue as to any matters on the record. As to alleged grounds not on the record, the judge had the appellant's motion and his counsel's affidavit before him, and had personal knowledge of the matters therein referred to.

Nor do we agree with the appellant that the trial judge committed reversible error in refusing to disqualify himself. We have emphasized the fundamental principle that a judge shall not preside in any case unless he is disinterested and impartial. *Bd. of Medical Examiners v. Steward,* 203 Md. 574, 581, 102 A. 2d 248 (1954) and cases therein cited. We have also held that we can not engraft upon our Constitution a provision that a judge is disqualified because he has expressed his opinion as to the case. *Co. Commrs. Charles Co. v. Wilmer,* 131 Md. 175, 180-181, 101 Atl. 686 (1917). In this case, the motion to disqualify was made after the trial had taken place before the judge involved and after he had considered a pre-sentence investigation made at his request. Judge Shure made it clear to the appellant in the hearing on the motion to reduce sentence that the unfortunate altercation between the judge and the appellant's counsel had no effect whatsoever on the judge's action in respect of the appellant's sentence. No corroboration of that statement is needed, but the nature of the sentence, in view of the appellant's record and his offense, of itself indicates the dispassionate consideration which justice requires.

We have considered all of the appellant's contentions, and find no violation of any of his constitutional or legal rights.

*Judgment affirmed; costs to be paid by appellant.*

HORNEY, J., filed the following dissenting opinion.

The majority, in considering the contentions of the appellant one by one, found, among other things, no prejudicial error in the refusal of the sentencing judge to afford the appellant an opportunity to refute or discredit the information the judge had received from the former attorney of the wife concerning the previous marital difficulties that had arisen between the appellant and his wife. The finding appears to have been based in part on the assumption that the sentencing judge was influenced only by the original presentence report and not by the information the judge subsequently sought and received from the wife's attorney and in part on the conclusion that the judge, having heard the testimony of the wife at the first sentencing hearing in mitigation of sentence, thought there was no reason for her to testify again at the second sentencing hearing in an attempt to rebut the information received from her attorney. In my opinion, however, the sentencing of the appellant under the facts and circumstances of this case was, as he contends, a violation of his right to procedural due process. Moreover, it is a question which is reviewable on appeal. *Williams v. New York,* 337 U. S. 241 (1949). *Cf. Rowe v. State,* 234 Md. 295, 302, 199 A. 2d 785, 789 (1964).

While the procedures in the sentencing process are essentially different from those in the trial process in that the sentencing judge may ordinarily consider all information he receives, regardless of the source from which it came, there are limits to the use thereof beyond which the judge may not go. And should he do so, even unwittingly as was undoubtedly the case here, the judge will have abused his judicial discretion.

In *Driver v. State,* 201 Md. 25, 92 A. 2d 570 (1952), after stating that the sentencing judge can exercise a broad dis-

cretion in the use of sources and types of evidence to assist him in determining the kind and extent of punishment to be imposed, and setting forth the factors which the rules of procedure indicate the sentencing judge should consider to aid him in the intelligent exercise of his discretion, this Court, nevertheless, pointed out the limitations on the use of information received during the course of a presentence investigation. Besides the general prohibition against considering evidence that is not within the limits fixed by law, there is a specific requirement that any information that might influence the judgment of the sentencing judge, which was not received from the defendant himself or was not given in his presence, should (without necessarily disclosing its source) be called to his attention so as to afford him an opportunity to refute or discredit it.

The record in this case is far from satisfactory. Since, however, much of the substance of this controversy is the subject of affidavits filed on behalf of the appellant as well as the State, both of which were accepted as evidence in lieu of testimony the judge declined to hear, there is no reason why this Court should not take into consideration the same facts and circumstances it is apparent the lower court considered in imposing sentence. This would include such parts of the written and oral information the record discloses the sentencing judge received and considered as well as the pertinent events which occurred before and after the receipt thereof.

After his conviction for an assault on another man, the defendant was allowed to remain on bail pending the making of a presentence investigation by the county probation department. Following the completion and filing of the report, the defendant was twice called for sentencing. On one occasion (April 27, 1964), after the presentation of information in mitigation of sentence, including the testimony of the wife of the defendant to the effect that he had been a good husband and father, and a statement by counsel seeking probation under strict supervision, the judge deferred sentencing to give himself more time to further consider the question, but in the meantime placed the appellant in the custody of

the sheriff to meditate on the precariousness of his situation. The report, in addition to disclosing a series of prior offenses, for one of which he had previously been placed on probation, also informed the judge of an assault on the wife by her husband and the subsequent withdrawal by her of the warrant for his arrest. On the second occasion (May 13), the sentencing judge told counsel (apparently at the bench) that while the wife had given him the impression at the first hearing that the defendant had been a good husband, he had received information to the contrary from a part-time assistant state's attorney (who had not participated in the prosecution of this case) in the meantime and informed him of the substance of the allegations made by the part-time prosecutor. The judge, however, refused to permit either the wife or counsel to present further information in mitigation of punishment or to grant a one-day postponement for the purpose of preparing a rebuttal to the information furnished by the wife's former attorney, and forthwith sentenced the appellant to 360 days in prison. On the day sentence was imposed, the judge had asked the assistant state's attorney for, and had been given, detailed information concerning the marital difficulties of the appellant and his wife which he in his capacity as a private practitioner had acquired in consultations with the wife about bringing a divorce action against her husband. It appears that the judge refused to hear the wife again because he believed she had been untruthful at the first hearing. It further appears that the judge refused to permit counsel for appellant to present additional information or to grant a postponement for that purpose because he had then decided to sentence the appellant to prison as he stated he had been inclined to do as of the first sentencing hearing. Subsequent to the imposition of sentence, the appellant moved for modification or reduction of the sentence and for the disqualification of the sentencing judge. At the hearing of these motions (May 22), the wife was allowed to testify as to the visit of the probation officer and what she had told him, but she was not permitted to explain the information the judge had received from her former attorney or the information contained in his affidavit. Nor would the judge

permit the calling of the attorney for the purpose of examining him as to the contents of his affidavit. It was at these hearings that the judge stated the wife was not truthful when she testified under oath at the first sentencing hearing and that he had been ready to sentence the appellant to prison at that time. At these hearings, the judge also indicated that he did not consider the information received by him from the wife's former attorney to be confidential because she had waived the attorney-client relationship when she informed the probation officer as to the appellant having assaulted her. Although the sentencing judge further indicated at these hearings that it was the information set forth in the report of the investigation made by the probation department and not the information the judge received as the result of a subsequent investigation the judge himself initiated (as he had the authority to do) that induced the prison sentence of 360 days, the record makes it clear (see Appendix, p. E. 45) that it was the information the judge received from the wife's attorney that primarily influenced his judgment in imposing sentence. Both motions, following a lengthy and somewhat heated colloquy in open court between counsel for the appellant, the sentencing judge and the assistant state's attorney who prosecuted this case, were denied and this appeal followed.

Although the violation of the attorney-client relationship is one that could only be claimed or waived by the wife, that, in my opinion, does not mean that we are not here concerned with the propriety of receiving the privileged information insofar as its disclosure infringed any of the rights of the appellant. As to these points, there is authority for the proposition that evidence which would have had no probative value at the trial (as was the case here with respect to the alleged wife-beating for which the appellant was never tried and convicted) is not relevant in determining the sentence to be imposed. Cf. Ex Parte Hoopsick, 91 A. 2d 241 (Pa. 1952). And there are cases which hold that statements which come under the ban of hearsay evidence should be disregarded in a presentence hearing. See, for example, State v. Pope, 126 S. E. 2d 126 (N. C. 1962) and State v. Bodie, 49 S. E. 2d 575 (S. C. 1948). In any case, even if it was not improper

for the judge to seek and the attorney to disclose the hearsay and privileged information, it is clear that the appellant should have been afforded an opportunity to rebut it. *Driver v. State, supra* (at p. 32 of 201 Md.), explicitly requires such a practice, as do a majority of courts in other jurisdictions. See, for example, *People v. Giles,* 161 P. 2d 623 (Cal. 1945) [action of judge in receiving information as to bad character of defendant out of his presence was improper where the accusation influenced the judge in imposing sentence]; and *Kuhl v. District Court,* 366 P. 2d 347 (Mont. 1961) [receiving information privately before sentencing as to prior record of defendant which had effect of influencing judge was improper]. See also 49 Colum. L. Rev. 567.

Not to allow the appellant an opportunity to rebut the information would seem to be a clear denial of procedural due process. While the sentencing judge has a wide discretion so far as the presentence investigation goes, it seems to me that his receipt of hearsay and privileged information which *he himself sought* was a clear abuse of discretion and a practice not contemplated by the rules.

In my opinion the facts and circumstances of this case compel a remand for a redetermination of the sentence without taking into consideration information improperly received. *Cf. Farrell v. State,* 213 Md. 348, 131 A. 2d 863 (1957).