## THOMAS HARRISON MICHAELS *v.* STATE OF MARYLAND

[No. 175, Initial Term, 1967.]

*Decided November 16, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Milton B. Allen* for appellant.

*Alan M. Wilmer, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Julian B. Stevens, Jr., State's Attorney for Anne Arundel County,* on the brief, for appellee.

PER CURIAM.

Thomas Harrison Michaels appeals in this case from a judgment of conviction of armed robbery in the Circuit Court for Anne Arundel County, and the sentence of six years in the Maryland Penitentiary, imposed as a result thereof.

The facts giving rise to the conviction are as follows: Sometime after 1:00 a.m. on May 19, 1965, Officer Walter Gray of the Anne Arundel County Police was on routine patrol proceeding south on Crain Highway. In the 700 block of said highway, he noticed a 1960 Chevrolet convertible parked on the grass section of the parking lot in the rear of an establishment known as "The Barn." The area was illuminated to a point, as he described it, of being "about like daylight." He noticed a white male, with very blond hair, sitting somewhat in the middle of the front seat of the automobile, but over toward the right of the passenger side. The Officer further observed that the car was in poor condition, as the roof top was tattered, the paint was chipped and it had other tell-tale marks of age and abusive use. This was the first time that Officer Gray had ob-

served a car parked on the grass area of this parking lot, and it aroused his suspicion to the extent that he decided an immediate investigation should be made. Traffic conditions would not allow him to turn into the parking lot at this time, and he was compelled to follow the line of traffic to a point on the highway where he could turn and come back to the parking lot, this maneuver taking approximately five to ten minutes in its operation.

At the same time as the above event was taking place, a young man entered Debbie's Restaurant at 714 Crain Highway in Glen Burnie, diagonally across the highway from "The Barn." He went over to the cash register, brandished a revolver, and forced the waitress, Emogene Thacker, to empty the cash register into a bag. The hold-up netted several five dollar bills, a number of one dollar bills, and some nickels. Miss Thacker described the robber as a white male, with brown hair, wearing a blue-quilted jacket, and having a handkerchief over his face. He had come from the direction of Wagner's service station, the establishment next door to the restaurant, approximately 125 to 175 feet away.

After the robbery, Miss Thacker saw him retreat in the direction from which he had come. She immediately called the Ferndale Police Station and notified them of the robbery as well as giving the police a description of the man who committed the offense. Specifically, she informed the police that the robber was white, had brown hair, and wore a blue-quilted jacket.

Several police officers responded to the telephone call and she gave them the same description and added that her assailant was taller than she.

By this time, Officer Gray had turned his car around and was returning in a northerly direction to the location of the parked car which had aroused his suspicion. At this time he heard over the police radio about the robbery at the restaurant. When he was in close proximity to the parking lot he communicated by radio the observation he had made about the Chevrolet car with its blond haired occupant and suggested that he might be involved. The Ferndale station had reported that the suspect was

a white male with dark hair, wearing a blue-quilted jacket, and Officer Gray responded that this person may also be in the car.

As these events were occurring at approximately 1:42 a.m., Officer Vaughn Shinaberry, another member of the Anne Arundel County Police Department, was on patrol on Mountain Road, in the Lake Shore area, ten to twelve miles from the restaurant. This Officer heard the transmissions from the Ferndale station, as well as from Officer Gray's car and, as a result, he proceeded in a general westerly direction to go to the scene of the robbery. He had made note of the police description of the 1960 Chevrolet with its rear window torn at the top, as well as the fact that probably it contained the driver and one other occupant.

Officer Shinaberry had traveled approximately ten minutes on the Mountain Road and was eight or nine miles from the robbery scene when a white 1960 Chevrolet convertible passed him on the opposite side of the road. The car's back window was damaged. He turned and gave chase, and while pursuing the car, Shinaberry noticed that it had two occupants, the one on the right side being a white male with dark hair. After stopping the car, he approached it and saw that the other occupant was a white male with very blond hair. On the front seat in plain view, was a blue-quilted jacket, which he observed as the boys got out of the car.

Wallace Golebiewski, another county police officer, came on the scene just after Officer Shinaberry had stopped the car. He, too, noticed the blue jacket on the front seat.

As a result of the information acquired by the officers, they arrested the two occupants and searched the car. They discovered a revolver with copper-tipped bullets, and a bag containing several five dollar and one dollar bills and some nickels.

The appellant contends that the arrest was made on pure suspicion, and not upon probable cause, and that it was therefore error to admit in evidence at the trial the articles seized by the arresting officers at the time of making the arrest.

If the arrest had been made upon a mere suspicion, no matter how strong, on the part of the arresting officer, then, of course, there would be great merit to the argument. See *Mefford v. State*, 235 Md. 497. On the other hand, an arrest and search may be made without a warrant when the officer has

probable cause to believe that a felony has in fact been committed, and that the arrestee committed it. *Edwardsen v. State,* 243 Md. 131; *Mulcahy v. State,* 221 Md. 413; *Crumb v. State,* 1 Md. App. 98. Probable cause exists when the facts and circumstances within the knowledge of the arresting officer, or of which he had reasonably trustworthy information, are sufficient to warrant a reasonably cautious person in believing that a felony had been committed by the person arrested. *McChan v. State,* 238 Md. 149; *Gaudio and Bucci v. State,* 1 Md. App. 455. And it is well settled that a report of a felony and a description of the perpetrators broadcast over a police radio may furnish probable cause for an arrest. *Hopkins and Terry v. State,* 239 Md. 517; *Farrow v. State,* 233 Md. 526.

In the present case, the arresting officers knew that a white male with dark hair, and wearing a blue-quilted jacket, had committed an armed robbery. They knew further that a 1960 Chevrolet convertible with a tattered top and a torn window had been in the immediate vicinity of the crime occupied by a white male with blond hair and that it was possible that the robber may have fled in that vehicle. When the police stopped the described car in the general area of the robbery, they observed a blue-quilted jacket on the front seat of the car.

It is difficult to define when suspicion ripens into reasonable belief because of the inherent variables existent within each person. While it may have been that the police had probable cause to make the arrest at the time they stopped the car, it appears that they did not intend to then do so; instead, their action in stopping the vehicle amounted only to an accosting to determine the identity of the occupants of the vehicle. See *Shipley v. State,* 243 Md. 262; *Cornish v. State,* 215 Md. 64; *David v. State,* 1 Md. App. 666. When the officers saw the tell-tale blue-quilted jacket on the front seat of the car at the time of the accosting, they were amply justified, in light of the other information in their possession, in making the arrest and seizing the articles.

*Judgment affirmed.*