## GEORGE DAVIS AND NED LEE DAVIS v.
## STATE OF MARYLAND

[No. 168, Initial Term, 1967.]

*Decided December 18, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and DIGGES, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Joseph F. Vallario, Jr.,* for appellant George Davis; and *Frederick A. Olverson* for appellant Ned Lee Davis.

*S. Leonard Rottman, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Vincent*

*J. Femia, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Appellants, George Davis and Ned Lee Davis, were each charged and found guilty in the Circuit Court for Prince George's County under two separate indictments for two armed robberies. The cases after being consolidated for trial were heard by Judge Roscoe H. Parker, sitting without a jury, and each appellant was sentenced to serve twenty (20) year concurrent terms under each indictment. Appellants challenge the validity of the judgments of conviction and resulting sentences on two grounds: One, the evidence submitted was not legally sufficient to sustain a conviction of robbery with a deadly weapon; and two, the money clip and watch found in a District of Columbia police "paddywagon" were improperly admitted into evidence.

There was evidence from which Judge Parker was justified in concluding, as he did, that on February 3, 1966, three men armed with guns at about twelve noon forced their way into an apartment located at 2607 Southern Avenue, S. E., Oxon Hill, Prince George's County, occupied by Mr. and Mrs. Frederick N. Mills. The three men took in excess of $2,000.00 belonging to Mr. and Mrs. Mills' employer, a realty company. In addition, they took $200.00 and a money clip, plus some others items belonging personally to Mr. Mills, and $50.00 in addition to a Bulova wristwatch belonging to Mr. John L. C. Sullivan, a visitor at the Mills' apartment.

On February 6, 1966, Private Kocevar of the Metropolitan Police Department, Washington, D. C., having information that the appellants were wanted on a fugitive from justice warrant, arrested and caused their transportation under the control of another police officer, Private Lukic, to the Ninth Precinct Police Station in Washington, D. C. Private Lukic testified that upon his arrival at the precinct the appellants were taken into the station and that he then searched the wagon where he found and took possession of a money clip and a man's wristwatch which were located in the portion of the wagon where the prisoners were transported.

The watch taken from the wagon was at the trial identified by Mr. Sullivan as being the watch taken from him at the Mills' apartment, but it was not received in evidence. He further identified both the appellants as being two of the men involved in the robbery.

The money clip taken from the wagon was received in evidence after it was identified at the trial by Mrs. Mills as belonging to her husband and as being the one which was taken from his possession during the course of the robbery. She also positively identified both of the appellants as participants in the robbery.

## I.

It is obvious from the above-enumerated testimony that there was legally sufficient evidence to sustain the conviction since the appellants were positively identified by two persons who not only witnessed but were also victims of the robbery. This evidence of identification by the two witnesses is sufficient to support a conviction under each of the indictments charging the crime of robbery with a deadly weapon, and compels a denial of a motion for judgment of acquittal. *Crumb v. State,* 1 Md. App. 98, 227 A. 2d 369 (1967), *Dyson v. State,* 226 Md. 18, 171 A. 2d 505 (1961).

## II.

Appellants' second contention that error was committed in receiving the money clip and watch in evidence because they were obtained as a result of an illegal search and seizure is likewise without merit. The fact is that the watch was not received in evidence, and the money clip though received in evidence was not seized from either the actual or the constructive possession of the appellants. As enumerated above, these articles were found in the "paddywagon" where the appellants had shortly before been riding. The articles' presence in the wagon resulted either from them being inadvertently left there, or being affirmatively abandoned. "* * * one who abandons or discards property cannot complain with effect of the later seizure of such property by the police, or of its use against him in court." *Henderson v. Warden,* 237 Md. 519, 523, 206 A. 2d 793, 795 (1965). See also *Matthews v. State,* 237 Md. 384, 206 A. 2d 714 (1965).

Since we find the trial court committed no error either by its refusal to grant appellants' motion for judgment of acquittal or in the admission of the money clip in evidence, the judgments must be affirmed.

*Judgments affirmed.*