LESTER ALLEN *v.* STATE OF MARYLAND

[No. 140, September Term, 1967.]

*Decided January 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Frank S. Doyle,* with whom was *Richard K. Jacobsen* on the
brief, for appellant.

· *William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On March 15, 1967 the appellant was convicted in the Criminal Court of Baltimore, Judge Albert L. Sklar presiding without a jury, of two cases of burglary, of carrying concealed upon his person a dangerous and deadly weapon and of being a rogue and vagabond. He was sentenced to imprisonment for a term of 20 years on one burglary conviction, for a term of 10 years consecutive with the first sentence on the other burglary conviction and for a term of 1 year on each of the concealed weapon and rogue and vagabond convictions, concurrent with the first sentence.

There was evidence before the court that the apartment of Martha Shea at 103 E. 22nd Street had been entered between the hours of 8:30 P.M. January 27th and 1:30 A.M. January 28th 1967. Entrance had been gained by breaking the lower panel of the rear door to the apartment. The bedroom had been ransacked, a chest broken into and a small silver watch stolen. No one was in the apartment at the time of the burglary. About 10:45 P.M. on January 27th Wilma Modra, apparently a woman of advanced years, and who needed the aid of a crutch to walk, was in bed in her apartment in the same building. She heard a noise at the rear kitchen door to her apartment, hobbled into the kitchen and was met by a young man, about 17 or 18 years old, who had gained entrance by breaking the door panel. He immediately started to beat her about the face and head and "nicked" her neck several times with a knife he had. "He thought maybe I was unconscious" and went into the front room and she went down the back way to a neighbor next door who called the police. The burglar took a watch with "rubies and a little diamond around it." She was unable to identify positively the man who broke into her dwelling but said that the appellant "looks like him." Her description of the cap and coat

her assailant was wearing tallied with the cap and coat worn by the appellant when he was apprehended. Officer William Mego received a report of the burglaries and was dispatched to 103 E. 22nd Street, which address was on his post, to assist in obtaining a report. He assisted the officer on the scene until about 12:15 A.M. and when leaving the premises heard a noise in the rear of the 2100 block North Calvert Street. "The rear of 103 E. 22nd Street is off set behind the rear of 2100 Calvert Street." He could not find anything, so he walked across the street, "ducked up an alley," waited a short time and came back. He saw someone going up a fire escape in the rear of 2116 or 2118 North Calvert Street. The man had a shiny object in his hand and "he was working on the back door * * * It looked like he was trying to pry the rear door open, the rear screen door open." The officer called to the man to come down but "he ducked down." The officer put his flashlight on the man and he came down. He identified himself as Lester Allen, living at 1212 Ensor Street and the officer placed him under arrest and gave him a "weapons pat down." A knife was found in the back pocket of the appellant. It was introduced in evidence upon the identification of the officer and Mrs. Modra testified that it looked like the knife used by her assailant, that it was the same size and color. The officer took the appellant to a call box, called the wagon and took him to the station where the turnkey, in the presence of the officer, found two watches on the appellant. The watches were identified by the victims as the watches stolen from them. The appellant testified that he was 16 years of age and that he had been in 2116 North Calvert Street with some friends and a girl named Monica, last name unknown, who was visiting her cousin. He left about 11:30 P.M., called Monica on the phone from a booth and told her he would go around back and "come up on the porch." He knocked on the glass "but didn't nobody come"—except the police officer. He said he won the silver watch in a crap game held in the alley about 11:30 P.M. but never saw the other watch found on him. He denied breaking into the apartments but admitted the ownership of the knife which he had "mainly for show off and things like that."

On this appeal the appellant presents as the first question:

"Should the officer have checked out the appellant's explanation for being in the alley before arresting him?"

There is no merit to the contention posed by the question as presented. The appellant cites no authority and we know of none to support his view that the failure of the officer to "check out" the appellant's explanation of his presence on the scene rendered the arrest illegal and under the circumstances here attending the arrest, such a contention is frivolous. His arrest was clearly legal by reason of the commission of a misdemeanor in the presence of the officer—being a rogue and vagabond or attempting burglary. *Stokes v. State,* 1 Md. App. 253. He could be deemed a rogue and vagabond under two parts of Art. 27, § 490, Md. Code (1967 Repl. Vol.):

1) by being apprehended having upon him an implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter a dwelling house; and
2) by being found upon a dwelling house with an intent to steal any goods.

We think the arrest was legal also because the officer knew that two felonies had been committed and under all the circumstances of his observation of the appellant, the officer had reasonable grounds to believe the appellant committed them. *Crumb v. State,* 1 Md. App. 98. There being a legal arrest, the search of the appellant was not unreasonable. *Musgrove v. State,* 1 Md. App. 540. The search being reasonable, the two watches and the knife seized were properly admitted in evidence.

The answer to the appellant's second question presented, "Was the evidence sufficient to support a finding of guilty?" is that the evidence was sufficient with regard to all four convictions. He presents no argument in his brief as required by Md. Rule, 1031 c 4. As is obvious from the summary above set forth, there was legally sufficient evidence, or proper inferences therefrom, from which the trial court could find the accused

guilty beyond a reasonable doubt. *Crum and Dunber v. State,* 1 Md. App. 132. As to the burglaries, possession of goods recently stolen in a burglary is evidence that the possessor was the burglar and casts the burden on the possessor to give a reasonable explanation of how he came into its possession. *Anglin v. State,* 1 Md. App. 85. The trial court may disbelieve the exculpatory statements made by the defendant. *Carwell v. State,* 2 Md. App. 45. As to the carrying of a deadly weapon concealed upon his person, a knife was found in the pocket of the appellant and a knife was used on Mrs. Modra during the course of the burglary of her apartment. As above discussed, the evidence was ample to deem the appellant a rogue and vagabond. The judgments of the trial court on the evidence were not clearly erroneous and we may not reverse them for that reason. Md. Rule, 1086.

The appellant's last contention is that the sentences imposed amounted to cruel and unusual punishment. The sentence imposed on each conviction was within the maximum permitted by statute. Md. Code, (1967 Repl. Vol.), Art. 27, § 29 (burglary), § 36 (carrying weapon), § 490 (rogue and vagabond). A sentence within the statutory limit does not amount to cruel and unusual punishment. *Charles v. State,* 1 Md. App. 222; *Powell v. State,* 1 Md. App. 495; *Johnson v. State,* 2 Md. App. 235. Where each sentence is within the statutory limit, the imposition of consecutive sentences is not cruel and unusual punishment. *Fisher v. State,* 1 Md. App. 505. A sentence will be reviewed only if it was dictated, not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive. *Gee v. State,* 2 Md. App. 61. We find no unworthy motive in the instant case.

*Judgments affirmed.*