## WALTER NATHANIEL GIBSON *v.* STATE OF MARYLAND

[No. 248, September Term, 1967.]

---

*Decided May 29, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Raymond Faby* (*Michael Lee Kaplan* and *Nathan Stern* on brief) for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James Garrity, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Walter Nathaniel Gibson, the appellant, was convicted of two cases of robbery with a dangerous and deadly weapon and one of carrying a concealed weapon, in the Criminal Court of Baltimore, Judge Charles D. Harris presiding without a jury. Gibson contends that the evidence was insufficient to support the verdicts.

The evidence adduced at the trial showed that on the night of November 13, 1966, two taxicabs were robbed by two men. The first cab robbed was operated by Thomas Winkey who identified Gibson as one of the two men he picked up that night near Pennsylvania Avenue and Mosher Street. Winkey testified that when he arrived at their destination, Gibson, who was sitting in the front, pulled out a revolver and demanded his money. Gibson and his companion took $25.00 in bills and coins plus some .22 caliber bullets from Winkey's change purse. After the two men departed, Winkey reported the incident along with a description of the two men to his dispatcher.

A short time later a second taxicab operated by William Henry was robbed in much the same manner as was the first cab except that Gibson sat in the rear and his companion sat in the front. They took about $22.00, approximately $3.00 being in change. Henry reported the robbery to the first policeman he saw.

A few minutes later at approximately 9:30 P.M. Officer Fischer and his partner received a broadcast on the police radio describing the two hold up men, as two colored males wearing long black leather jackets, age 19-23. The broadcast also stated that two men were walking south on Howard Street from Centre. Fischer testified that "[w]e proceeded north on Howard Street and they were the only two fellows right on that street and they fit the description perfectly."

The policemen then placed the two men under arrest. A search revealed that Gibson's companion, Edward Williams, was carrying a 7.25 caliber Beretta automatic pistol. A more thorough search at the station house uncovered that Williams was carrying $4.40 in change and $47.00 in bills while Gibson had nine .22 caliber cartridges and $3.00 in bills.

Winkey identified Gibson in a line-up and identified him again in court. Henry identified Williams in a line-up and in court he identified both men. Mr. Winkey described the two robbers as light skinned negroes, 5 foot 10, 150 pounds wearing long black leather coats, one had a bumpy face or needed a shave, age 19-23. Mr. Henry's description was similar except that he described them as dark complected, 145 pounds, age 21-24.

To bolster his complaint of insufficiency of the evidence, Gibson contends that the arrest was illegal and that there was a lack of identification. An illegal arrest in and of itself would not vitiate the trial, *Boone v. State,* 3 Md. App. 11, 30, 237 A. 2d 787, but we have no difficulty in holding that the arrest was legal.

The evidence seized [1] incident to the arrest was admitted over objection made by appellant's counsel, but only the issue of the legality of the arrest insofar as it affected the legality of the trial itself was raised on appeal. The State has the burden of establishing the existence of probable cause necessary to justify his arrest, *Hutchinson v. State,* 1 Md. App. 362, 369, 230 A. 2d 352. In order for a policeman to arrest a person for a felony

---

1. The fact that a more complete search was conducted at the police station would be immaterial. In *Abel v. United States,* 362 U. S. 217, 238-39, 80 S. Ct. 683, 697, 4 L. Ed. 2d 668, the Supreme Court of the United States stated:

"Items (3), (4), and (5), a birth certificate for 'Emil Goldfus' who died in 1903, a certificate of vaccination for 'Martin Collins,' and a bank book for 'Emil Goldfus' were seized, not in petitioner's hotel room, but in a more careful search at I.N.S. headquarters of the belongings petitioner chose to take with him when arrested. This search was a proper one. The property taken by petitioner to I.N.S. headquarters was all property which, under *Harris,* was subject to search at the place of arrest. We do not think it significantly different, when the accused decides to take the property with him, for the search of it to occur instead at the first place of detention when the accused arrives there, especially as the search of property carried by an accused to the place of detention has additional justifications, similar to those which justify a search of the person of one who is arrested."

without a warrant he "must have reasonable grounds or probable cause to believe at the time of the arrest that a felony had been committed and that the person arrested had committed the offense," *Crumb v. State,* 1 Md. App. 98, 227 A. 2d 369, *Michaels v. State,* 2 Md. App. 424, 428, 234 A. 2d 772. "Information placed on a lookout prepared by a police organization, of which the arresting officer is a part, may constitute probable cause for the arrest," *Carwell v. State,* 2 Md. App. 45, 48, 232 A. 2d 903, *Michaels v. State, supra, Crumb v. State, supra.* In the case at bar, the policemen received a broadcast over the radio reporting the felonies, describing the hold up men, and giving the area where they might be found. We find that this was sufficient to give the officers probable cause to arrest Gibson and Williams.

In a nonjury trial, the judge determines the weight of the evidence and the credibility of the witnesses, *Sutton v. State,* 2 Md. App. 639, 236 A. 2d 301 *Sadler v. State,* 1 Md. App. 383, 230 A. 2d 372. Identification by the victim is enough to convict, *Davis v. State,* 2 Md. App. 630, 236 A. 2d 307, but if there is a lack of postiveness in the identification, this only goes to the weight not the admissibility of the evidence, *Logan v. State,* 1 Md. App. 213, 216, 228 A. 2d 837, and "the weight that should be given the testimony was for the trial court" to decide, *Dortch v. State,* 1 Md. App. 173, 177, 229 A. 2d 148. The evidence as to the identification was sufficient to support the verdict, see *Davis v. State, supra.* In the two robbery cases there is no serious contention that there was not sufficient evidence to establish the *corpus delicti.*

In the concealed weapon case, Winkey testified that Gibson pulled out a gun from his coat; then demanded the money. Any question that relates to the witness' credibility is for the trial judge to determine, *Miller v. State,* 1 Md. App. 653, 656, 232 A. 2d 548. His determination will not be overturned unless clearly erroneous, Maryland Rule 1086. "[T]here was legally sufficient evidence, or proper inferences therefrom, from which the trial court could find the accused guilty beyond a reasonable doubt," *Allen v. State,* 2 Md. App. 740, 744-45, 237 A. 2d 90. Also see *Crosby v. State,* 2 Md. App. 578, 588, 236 A. 2d 33.

*Judgments affirmed.*