# GEORGE THOMAS JORDAN *v.* STATE OF MARYLAND

[No. 121, September Term, 1968.]

*Decided December 4, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Leonard R. Goldstein* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *John J. Garrity. Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The questions presented on this appeal relate to the penalty stage of the trial of the appellant in the Circuit Court for Prince George's County and not to the guilt stage.[1] Two indictments had been returned against the appellant and pleas of not guilty were entered on arraignment. When the case came up for trial before Judge Perry G. Bowen, the appellant represented to the court that he desired to withdraw his plea of not guilty to the 1st count of indictment No. 7506, charging the unlawful possession of a stolen motor vehicle, proscribed by Md. Code, Art. 66½, § 72, and to plead guilty thereto. The court examined him at length, explaining the charge, the burden of the State in proving the offense under a not guilty plea, the effect of a plea of guilty and the maximum sentence that could be imposed. The court then asked, "Is the reason that you desire to plead guilty because you are guilty of this crime and not for any other reason?" The appellant replied, "That's right." The court then

1. The general principle is that, if the sentence is within the limits prescribed by law, it ordinarily may not be reviewed on appeal. *Gleaton v. State,* 235 Md. 271. However, an allegation that the procedure in the determination of the sentence violated the constitutional right to due process, if supported, is reviewable on appeal as an exception to the general principle. *Costello v. State,* 237 Md. 464, 469. See *Williams v. New York,* 337 U. S. 241 (1949).

directed that the plea of guilty be entered.[2] The appellant does not claim that his plea of guilty was not freely and voluntarily made with a full understanding of its nature and effect and of the facts upon which it was founded. We think that the record clearly shows that the plea was freely and intelligently made and that it was properly entered. See *Biles, Jr. v. State,* 230 Md. 537; *Roberts v. Warden,* 221 Md. 576; *Lowe v. State,* 111 Md. 1. The appellant asked to be sentenced immediately but the State requested a presentence investigation. The court said it was reluctant to sentence without such investigation and deferred sentencing pending the report. The court clerk asked if the report was "to come back to" Judge Bowen and Judge Bowen said: "No, it need not come back to me to delay sentence. If necessary it may return to any judge." No objection, exception or comment was made by the appellant or his counsel to this reply. The appellant requested to be heard. He said: "I don't care for any presentence" and asked if he could give his reason—"it is a little lengthy." The court said: "I don't care if it takes the rest of the day. You are going to be around a long time, I am afraid, so go ahead and have your say." The court asked the appellant if it would be easier for him to talk if he sat down, saying: "You may sit down or stand up as you please. Just tell me what you want me to know." The appellant said he was "bad misunderstood. Probably my extensive criminal record and I have defective speech. This criminal record is haunting me and it is rather misleading." The substance of his remarks was that he felt "under all the circumstances I should be given probation"; he would lose his job, he had

---

2. Upon the acceptance of the guilty plea the State requested that a *nolle prosequi* be entered as to the 2nd count of indictment No. 7506 and as to indictment No. 7700. The lower court directed the clerk to enter a *nolle prosequi* as to No. 7700 and to note that the State "abandons its right to prosecute" for the offense charged in the 2nd count of No. 7506. The docket entry in Criminal Trials No. 7506 states that the State "abandons prosecution as to the 2nd count." At the time he pleaded guilty the appellant also withdrew appeals in Criminal Trials Nos. 11,649 and 11,650. The record does not disclose the offense charged in indictment No. 7700 or the nature of the convictions on which appeals were withdrawn.

payments to make on purchases made on the installment plan, he would lose $32 a day, six days a week if he stayed in jail. The court explained that if he had the record he indicated he would have to serve time in prison but that the presentence investigation might disclose circumstances resulting in a lesser sentence than 5 years. It asked: "Would you like to have five today or would you rather wait * * * in the hopes that you might get three later on?" On this choice the appellant preferred to wait but said he wanted to explain to the court. The court said: "If you get me I will listen to your explanation. I won't vouch for anyone else." The docket entries show that the presentence investigation was ordered the day the plea was entered, 7 February 1968, and that the report was filed in open court on 22 March 1968. On the day the report was filed the appellant came before Judge Roscoe H. Parker for sentencing. The transcript of the sentencing proceedings shows that there was first a discussion at the bench off the record. Then the State told the court that it had received "the file in this case," and stated that the current case "is nothing compared to his record of homicide. One armed robbery and many other miscellaneous things that take up a few pages." The State noted that the appellant had "been in and out of Saint Elizabeth's" and had been in Patuxent Institution. It recommended that he be transferred to Patuxent for examination and evaluation. Defense counsel said:

> "Your Honor, for the first time in my practice I am really at a loss for words. The probation report is quite extensive. The defendant is reading it right now. There is no doubt that he has had quite a few problems with the law over the years and no doubt that he has spent a great many years of his adulthood in incarceration. I submit the matters to Your Honor's disposition."

The court asked if the appellant had anything to say before sentence was imposed. The appellant said, "Yes, Your Honor. I hope this—it caught me completely surprised this morning in open court. I pled guilty before Judge Bowen and he is the one that ordered the presentence investigation. I was looking

forward to appearing before him." The court said that any judge could impose sentence, explaining that Judge Bowen "is a non-resident judge of this court and whether he is a resident or non-resident we have a revolving procedure that the judge who takes the plea doesn't necessarily do the sentencing. Any judge can do this sentencing." It asked if the appellant had anything in mitigation of the sentence. The appellant said that his not being sentenced by Judge Bowen "caught me completely — you know, surprised. I wonder if it might be possible to put it aside and probably wait until Judge Bowen might appear again." The court denied "the request for transfer of sentencing to Judge Bowen." The court started to direct the clerk to enter the sentence when it was interrupted by the appellant asking the court to bear with him. The court said that it had borne with him as far as it was "going to bear on that subject matter" and asked what his next problem was, that it would "be very careful to listen to you, what you say, whatever you say." In mitigation the appellant said that the court probably noted that he had an "extensive criminal record" and that he had not had time to read the presentence report which probably would not be beneficial "in a way." The court remarked that it was sure that his counsel had gone over it very carefully and that counsel would make it available to him. The appellant asked for a chance to read it over. The court said, "You have had your opportunity to read it over. You have it right in your hands. You know what your record is. You are stalling this court." It pointed out that the record was on the second and third pages of the report and directed that the appellant look at it. The appellant said, "I would waive this—I waive this, but what I am trying to get out your Honor, what I am trying to say, which —although I have had an extensive criminal record, as you may see, but now—now my record, Your Honor, is something that happened, you know, in the past." He then explained that he had never made probation or parole and requested probation, that he was 49 years of age—"I will be up in years now to make me a useful member of society"—that he had a permanent job as a carpenter, that he was a member of a carpenter's union and had been for 6 years, that after 30 years if he continued in the union he would be eligible for retirement, that

he worked steadily and that he kept up his dues although he was presently behind awaiting the outcome of his case. The court said it understood that the appellant wanted to be placed on probation to go back to his trade. The appellant agreed that this was what he wanted because it was "the only chance I probably would have," that if he was sent to prison he would be out of the union. The State and defense counsel asked to approach the bench but the court said it would proceed to sentence and imposed a sentence of 5 years from 19 January 1968.[3] It ordered that after processing through the Department of Correction he be sent to Patuxent Institution for examination and evaluation as a possible defective delinquent. A timely appeal was filed and the appellant contends:

    I The lower court erred in considering the presentence investigation report in imposing sentence without giving him an opportunity to refute it.

    II The lower court abused its discretion in not providing him or his counsel an adequate opportunity to make a statement in mitigation and he was denied his constitutional right to counsel when his counsel was not allowed to make proper argument to the court.

    III He was denied a fair trial by not being sentenced by the judge who accepted the plea.

    IV He was denied equal protection of the laws by the court's consideration of his previous criminal record in sentencing him.

## I and II

Md. Rule 761d provides that the presentence investigation report, except the recommendation, shall be subject to inspection by counsel unless the court directs otherwise. Md. Rule 761a provides that before imposing sentence the court shall afford an accused or his counsel an opportunity to make a statement and to present information in mitigation of punishment.

**3.** Upon an application for review, the sentence was confirmed without change.

In *Driver v. State,* 201 Md. 25, 31-32, the Court of Appeals said:

> "Under the procedure often followed by the courts in this country, the defendant, after he is convicted, is informed by the court that he will be investigated before sentence is imposed, and the court can exercise a broad discretion in the use of sources and types of evidence to assist it in determining the kind and extent of punishment to be imposed within the limits fixed by law. * * * To aid the sentencing judge in exercising this discretion intelligently, the procedural policy of the State encourages him to consider information concerning the convicted person's reputation, past offenses, health habits, mental and moral propensities, social background and any other matters that a judge ought to have before him in determining the kind of sentence that should be imposed. In such cases, however, any information which might influence his judgment, which has not been received from the defendant himself or has not been given in his presence, should be called to his attention, or to the attention of his counsel, without necessarily disclosing the sources of such information, so that he may be afforded an opportunity to refute or discredit it. * * * However, the procedure in the sentencing process is not the same as that in the trial process. It is a fundamental principle that a person accused of crime shall not be convicted unless he is given reasonable notice of the charge and an opportunity to be heard in his defense and to examine adverse witnesses. But the sentencing judge may consider information, even though obtained outside the courtroom, from persons whom the defendant has not been permitted to confront or cross-examine." See Md. Rule 761c authorizing the court to order a presentence investigation.

We see here no violation of these rules of law. The first two contentions are based on factual premises which do not appear to be supported by the record. We cannot say from the record

that the appellant was not afforded an opportunity to refute or discredit the information in the report. Both the appellant and his counsel had the report at the time of sentencing. The court's remark that it was sure counsel had gone over it very carefully was not disputed. Counsel, referring to the report, submitted the matters to the court's disposition. The appellant first indicated he had not had time to read the report but when his attention was directed to the pages containing his record said that he "waived this." [4] Further, although the docket entries show that the report was filed in open court on the day sentence was imposed, it does not show that the report was not available to defense counsel prior thereto or, knowing the report had been ordered about a month and a half before, that he had requested a copy of it or that he be allowed to inspect it and such request had been denied. See *Costello v. State,* 237 Md. 464. In oral argument counsel said that by the practice in Prince George's County, a presentence investigation report was not available until the day of the sentencing. If this is correct we think it the better practice that upon proper request of counsel the report should be subject to inspection by counsel a reasonable time in advance of the imposition of sentence,

---

4. Except for the appellant's past criminal record it appears that the report contained little which he could refute or discredit to his benefit. The first page contained the State's version and the appellant's version of the offense but he had pleaded guilty to it which was a conviction of the highest order. The second and third pages set forth the previous record. It showed convictions dating from 1938 and included larceny, receiving stolen goods, robbery, attempted robbery and minor offenses. In 1944 he was charged with murder but was committed to St. Elizabeth's adjudged of unsound mind. In 1954 the charge of first degree murder was dismissed for insufficient evidence as key witnesses could not then be found. He was released from custody in 1956. In 1958 he was convicted of receiving stolen goods for which he was sentenced to 5 years and thereafter of attempted larceny and larceny and several offenses of operating a motor vehicle on a suspended license for which he was sentenced to imprisonment. However, the appellant admitted to an extensive criminal record. The remainder of the report gave his family background, education, personality traits, employment record, health and financial status.

especially if the information in the report is considered by the judge in imposing sentence, but we note that it was held in *Costello*, at 471, that the court can refuse inspection in the sound exercise of its discretion. The presumption is that the court made proper use of the report and here the presumption is fortified by the record. The instant case is readily distinguishable from *Baker v. State*, 3 Md. App. 251, where the sentencing judge considered testimony at the trial "between the lines" and filled "in gaps where objections stopped the testimony."

We feel also that the record discloses that the appellant was afforded an opportunity to make a statement and to present information in mitigation of punishment and that he in fact did so. That the court was not persuaded by the statement does not compel a finding that the opportunity to make it was not adequate. We note also that in *Robinson v. Warden*, 242 Md. 171, in denying an application for leave to appeal under post conviction procedure where in the petition for relief the applicant alleged a denial of his right to allocution; the Court cited *Hill v. United States*, 386 U. S. 424. In *Hill* there was no question but that the sentencing judge, at the time of sentencing, did not afford the convicted defendant an opportunity personally to speak in his own behalf as required by federal criminal rules. The Court of Appeals quoted with approval 386 U. S. at 428:

> "The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure."

Nor does the record show that the appellant's counsel requested an opportunity to make a statement and was denied. The appellant argues that counsel was not permitted to approach the bench "with any statement." While the State and defense counsel were not given an opportunity to approach the bench

immediately prior to the imposition of sentence, the transcript of the proceedings does not show why the request was made and we cannot assume, as does the appellant, that it was to make a statement in mitigation of sentence.

We find no merit in contentions I and II.

### III

The contention that the appellant was denied a fair trial by being sentenced by a judge other than the one who accepted his plea of guilty is without merit. The procedure here followed is specifically authorized by Md. Code, Art. 27, § 642. The appellant argues that he was nevertheless prejudiced because the "lengthy statement" he made to the judge who accepted his plea was not considered by the sentencing judge and because he "was visibly shaken by the prospect of being denied his right to be sentenced by Judge Bowen." But we have found that he was afforded the opportunity to make a statement to the sentencing judge and in fact did so. And we think it clear from the remarks of Judge Bowen, as herein before set out, that the appellant had good reason to suppose that he would be sentenced by another judge. He had no "right" to be sentenced by Judge Bowen and we know of no constitutional right accruing to him that was violated because he was nervous and "visibly shaken" at the time of his sentencing.

### IV

It is firmly established that the sentencing judge, exercising a broad discretion, may consider the defendant's entire background, including prior convictions, in imposing sentence. *Costello v. State, supra; Driver v. State, supra; Thomas v. State,* 2 Md. App. 645; *Miller v. State,* 1 Md. App. 653. The appellant urges that by so considering prior convictions he was denied equal protection of the laws. We do not agree. The appellant cites no authority supporting this view and we know of none. Nor do we agree that the defendant's previous criminal convictions have no probative value with regard to the sentence to be imposed. The appellant states that the legitimate purposes of punishment are deterrence, public protection, rehabilitation and public justice. We think that all of these are served by a consideration of the convict's prior criminal record in imposi-

tion of sentence. The appellant does not and could not claim that his sentence constituted cruel and unusual punishment. The sentence was within the legal limitation and the record does not indicate that it was dictated by passion, prejudice, ill-will or other than a sense of public duty. *Rogers v. State,* 4 Md. App. 363; *Allen v. State,* 2 Md. App. 740. We find no merit in contention IV.

*Judgment affirmed.*