## JAMES COIT *v.* STATE OF MARYLAND

[No. 321, September Term, 1968.]

*Decided May 21, 1969.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for appellant.

· *Francis B. Burch, Attorney General, Donald Needle, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Josef E. Rosenblatt* and *Gerald A. Kroop, Assistant State's Attorneys for Baltimore City,* for appellee.

PER CURIAM.

James Coit, the appellant, was convicted of common-law assault and carrying a concealed weapon in the Criminal Court of Baltimore. Judge Thomas J. Kenney, presiding without a jury, imposed concurrent sentences of seven years and six months respectively. Coit contends that it was error to admit a razor into evidence; that it was error to allow an in-court identification; and that the evidence was insufficient to support the verdict.

There was evidence from which the trial judge could find: On the afternoon of November 13, 1967, Rufus Wright, while engaged in a discussion with Coit in a tavern in Baltimore, was assaulted and cut about the head and face with a straight razor wielded by Coit. Wright ran out of the tavern to a police station across the street and was taken to the University Hospital where his wounds were treated. Marion Mason, a barmaid, after seeing Coit with "something like a razor," sounded the burglar alarm; however, she did not actually see the cutting. Police arrived promptly and arrested one Walls who had a knife openly in his possession at the time the police entered the tavern. Thinking Walls was the assailant, the policemen did not stop Coit who left the premises.

Thereafter, Officer Lascola, acting on information received from eyewitnesses in the tavern and from another officer, Miller, arrested Coit about an hour after the incident and about two blocks from the tavern. His hands and shoes were apparently blood stained. A search incident to the arrest produced a concealed straight razor, also apparently stained with blood, which Wright identified as the razor involved in his cutting. Coit testified, admitting his presence in the tavern, but denying the

cutting. The trial judge struck out the testimony of Wright identifying Coit as the person with whom he had a discussion but admitted the testimony of Marion Mason identifying Coit as the person engaged in the discussion with Wright. She had known Coit previously.

Coit first contends that the seizure of the razor was illegal and therefore its admittance into evidence was error. A policeman may make a warrantless arrest if he has probable cause to believe at the time of arrest that a felony has been committed and that the person arrested has committed the crime. *Ramsey v. State,* 5 Md. App. 563, 567, 248 A. 2d 659. Officer Lascola, after receiving information from the persons in the bar that Coit had perpetrated the assault, and having also received information that Wright's wounds consisted of cuts on the head, arrested Coit. There was ample information for Lascola to believe that the felony, assault with intent to murder, had been committed by Coit. The intent to commit murder is shown by an intent to commit grievous bodily harm which can be inferred from the use of a deadly weapon directed at a vital part of the body. *Lawrence v. State,* 2 Md. App. 736, 738-39, 237 A. 2d 81. Since the officer had reasonable grounds to believe a felony had been committed, his actual belief, or the fact that there was a subsequent acquittal of the felony, is of no consequence. *Simms v. State,* 4 Md. App. 160, 242 A. 2d 185. The arrest being legal, the search incident to the arrest was legal and it was thus not error to admit the razor into evidence. See *Allen v. State,* 2 Md. App. 740, 744, 237 A. 2d 90.

Coit next contends that the in-court identification by Marion Mason was inadmissible as it was tainted by an earlier extrajudicial identification whereby Mason, while at the station house to observe a lineup, saw and identified Coit. She saw him not in a formal lineup but in the corridor on her way to view the lineup. Coit was in the area because he had volunteered to sweep up the cellblock. Other prisoners were also in the area.

This extrajudicial identification was not offered into

evidence by the State, but it was disclosed during cross-examination of Mason to discredit her in-court identification. Thus, if this observation did not taint her in-court identification, there was no error. *Palmer v. State*, 5 Md. App. 691, 249 A. 2d 482. The trial judge found it did not, and we cannot say his findings were clearly erroneous. Mason had not been told that Coit was in the particular area, yet she identified him the moment she saw him despite the presence of other prisoners. It is important to note she had known him prior to the crime as a customer in the tavern. She had ample time to observe him at the time of the crime.

Lastly, Coit contends that the evidence was not sufficient to support the verdict. On the record before us, we hold that in convicting the appellant the judgment of the trial court was not clearly erroneous under Maryland Rule 1086.

*Judgments affirmed.*