## WILLIAM M. ROUNDTREE *v.* STATE OF MARYLAND

[No. 169, September Term, 1970.]

*Decided January 28, 1971.*

The cause was argued before MURPHY, C.J., and ANDERSON and MORTON, JJ.

*Chester Cohen* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Gary Melick, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was found guilty in a non-jury trial in the Criminal Court of Baltimore of carrying a concealed weapon and was sentenced to three years in prison. In this appeal it is contended that the introduction into evidence of the concealed weapon found during a search of appellant at the time of his arrest was improper because the police lacked probable cause to effect appellant's warrantless arrest, thus rendering the arrest and accompanying search illegal.

The State's only witness was Officer Roger Carroll who testified that as he and his partner were leaving police headquarters in an unmarked car, they received a broadcast over their police radio of a holdup several blocks away in which the holdup suspect was described as a "colored male, 18 to 20 years, approximately 135 pounds, and approximately 5'8" to 5'10" in height. He was wearing dark clothing, a dark jacket and white pants and white tennis shoes * * *." Within a few minutes the officers arrived in the vicinity of the holdup and observed the appellant walk into a clothing store. According to the witness, appellant "was wearing dark green trousers and a brown leather coat and white tennis shoes." The officers entered the store and found appellant looking at some clothing. They immediately arrested appellant, "frisked him" and found a revolver in his pants pocket.

A reading of the transcript of the proceedings below indicates that appellant was 27 years old and his weight was considerably in excess of 135 lbs. Thus, we have the police looking for a colored male, 18 to 22 years old, wear-

ing a dark jacket, white pants and white tennis shoes, weighing 135 lbs., arresting a 27 year old colored male, wearing a brown jacket, green pants, white tennis shoes and weighing considerably in excess of 135 lbs. The only similarity between the described suspect and the appellant was his color, his height, 5'8" to 5'10", and his white tennis shoes. The officer, when asked on cross-examination whether he would "now feel that the defendant fits the description that was broadcast on the lookout report?" replied: "No, Sir." Later the officer qualified his answer by saying appellant did fit the description except "in weight only." The officer further testified that it was subsequently ascertained that appellant "was not involved in the holdup."

As this Court stated in *Cleveland v. State,* 8 Md. App. 204, 218-219:

> "The general rule is that a warrantless arrest by a police officer is valid where he has probable cause to believe at the time of the arrest that a felony has been committed and that the person arrested committed it. *Simms v. State,* 4 Md. App. 160, 167. Probable cause exists in this context when the facts and circumstances within the knowledge of the arresting officer, or of which he had reasonable trustworthy information, are sufficient to warrant a reasonably cautious person in believing that a felony had been committed by the person arrested. *Michaels v. State,* 2 Md. App. 424. The rule of probable cause is a non-technical conception of a reasonable ground for belief of guilt, requiring less evidence for such belief than would justify conviction, but more evidence than that which would arouse a mere suspicion. *Terrell v. State,* 3 Md. App. 340."

It is, of course, often difficult to draw a line of demarcation between the concept of probable cause on the one hand and what amounts to nothing more than suspicion

on the other. A delicate balance must be struck between the right of society to swift apprehension of individuals who have committed crimes and the right of individual members of society, guilty or innocent, to be free from unlawful invasions of their constitutional right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the Federal Constitution.

Assuming, without deciding, that the broadcast description of the holdup suspect was sufficiently definite to furnish a basis for probable cause to single out an individual for arrest (*Cleveland, supra,* at 220) we must conclude from our independent examination of the record before us (see *Herbert v. State,* 10 Md. App. 279, 287) that the facts adduced by the State do not measure up to that quantum of evidence which impels a finding that the police officers had probable cause, as above defined, to believe that appellant was the individual described in the lookout broadcast which the officers had received moments before the arrest. At best, the officers could have had no more than a suspicion that appellant was the individual described. To hold otherwise would be to arm the police with authority to apprehend, in this instance, any young negro of average height who happened to be wearing white tennis shoes.

Lacking probable cause, the arrest was invalid. The search of the appellant's person incident to the unlawful arrest and the seizure of the concealed weapon found by the search was illegal and thus its admission into evidence was constitutionally impermissible and constituted reversible error.

*Judgment reversed; remanded for new trial.*