## RONALD EUGENE CAMPBELL *v.* STATE OF MARYLAND

[No. 591, September Term, 1970.]

*Decided August 10, 1971.*

The cause was argued before THOMPSON, MOYLAN and CARTER, JJ.

*Howard W. Gilbert, Jr.*, with whom were *Paul Ottinger* and *Ottinger, Mackley & Gilbert* on the brief, for appellant.

*James L. Bundy, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, David K. Poole, Jr., State's Attorney for Washington County*, and *Joseph F. Padula, Assistant State's Attorney for Washington County*, on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

The judgment of conviction for armed robbery and 10 year sentence of Ronald Eugene Campbell, the appellant, after a jury trial in the Circuit Court for Washington County is affirmed. Since the contentions do not relate to the *corpus delicti*, it is unnecessary to state the facts.

On appeal, appellant contends the trial court communicated with the jury in an improper fashion, thereby requiring reversal. The first of the alleged improprieties occurred while the jury was deliberating, and the second after verdict, but while appellant's motion for new trial was pending. No stenographic recording of these events was made. Pursuant to Md. Rule 1027, appellant moved to correct omissions in the record, and an order of this Court for the trial judge to certify the circumstances involved in the two incidents was issued.

As to the communication during the jury's deliberation, that portion of the certification states:

"After being out one hour, the jury reported a deadlock. The jury was advised that the case was an important and a serious one; that the de-

fendant had been in jail since April and had requested a speedy trial, to which he was entitled, and the Court wanted them to take some more time. Thereafter, the jury returned to the courtroom and requested elucidation of some of the testimony. With the consent of the State, the counsel and the defendant, the court advised the jury the nature of the evidence requested. There was no objection on the part of anyone. I then sent the jury to lunch, knowing that often verdicts are influenced because of empty stomachs and I wanted to be sure the defendant had a fair trial. Deliberations were resumed after lunch and a verdict was returned after the passage of about an hour. The jury was polled by counsel for defendant. There was no intimidation by word or conduct to force the jury into bringing in a verdict. The entire deliberation was about two hours."

The same incident was discussed in the trial judge's memorandum opinion denying the motion for new trial, which counsel stipulated may be consulted as an appropriate source for what occurred at trial. In the memorandum opinion, the trial judge stated what happened in more detail:

"What occurred was as follows: The jury retired at 11:50; at 12:50, jury reported to court, through Bailiff, that they were deadlocked and the jury was advised to take more time. Thereafter they came into the courtroom and requested elucidation of some testimony. By agreement of State, counsel and petitioner, the court advised jury as to the nature of the testimony. There was no objection. I, thereafter, with the consent of defendant's counsel and defendant, sent the jury to lunch. The jury returned from lunch and resumed their deliberations and after being out another hour, there was another re-

port of deadlock. I told the bailiff to advise them to continue their deliberations, and within five minutes, I decided to bring in the jury and so advised the jury. The Bailiff reported that the jury wanted another five minutes, which was given and shortly thereafter the jury returned with its verdict. When the jury was first brought into the courtroom advising they were deadlocked, I stated that the defendant had requested a speedy trial; that he had been in jail awaiting trial for a long period of time and was entitled, therefore, to have a determination of his case and that the jury should further deliberate. There was no objection to any of the procedures and I, in no way, did anything to intimidate or force the jury into bringing in a verdict."

As to the alleged impropriety between the filing and hearing of the motion for a new trial, the motion to correct omissions filed by appellant states that two jurors expressed reservations regarding the verdict and as a result, the court convened the entire twelve members to discuss the case without the presence of counsel for either side nor the appellant nor stenographic recording. The certification of circumstances reports that one lady juror approached the court informally and stated that the verdict against Campbell had caused her great concern since "the defendant was such a fine looking young man, she hated to be a party to his having to spend a long period of incarceration." The judge consoled her, recalling that the jury had been polled, including her, with all jurors responding that appellant was guilty, thus indicating that at the time she felt the verdict was correct. The certification then says, "The statement that the court convened with the entire twelve member jury on October 30, 1970, is a blatant untruth."

Taking the contentions in reverse order, as to appellant's contention that the judge reconvened the full twelve member jury to discuss the Campbell case, the simple

answer is that no such meeting took place and the contention is thus without factual basis. The brief conversation that took place when an individual juror approached the judge shows no prejudice towards appellant since juror questioned only the morality of lengthy incarceration. This Court knows of no requirement that counsel for the State, counsel for appellant, appellant himself, and a court stenographer be present at every encounter between a judge and a juror after a verdict has been rendered. Obviously, the communication did not in any manner have the effect of increasing the appellant's sentence. Its effect, if any, would be to the contrary. See *Jordan v. State,* 5 Md. App. 520, 526, 248 A. 2d 410.

As to the directions to the jury by a judge to continue deliberating, appellant has the right to be present when there shall be any communication whatsoever between the court and the jury, unless the record affirmatively shows that such communication was not prejudicial or had no tendency to influence the verdict of the jury. *State v. Saul,* 258 Md. 100, 265 A. 2d 178. *Young v. State,* 5 Md. App. 383, 389, 247 A. 2d 751. As recounted by the judge's certification and the memorandum opinion denying the motion for new trial, the record affirmatively shows that the communication was not prejudicial and had no influence upon the verdict of the jury. There is no indication that the communication encouraged one result as opposed to another; nor was the possibility of an eventual deadlock disallowed. All the communication did was encourage the jury to spend more time deliberating; of course, in the absence of abuse, the length of time the jury should deliberate is within the sound discretion of the trial judge. *Brigmon v. Warden,* 213 Md. 628, 131 A. 2d 245. The circumstances of the communication was not coercive as in *Shields v. United States,* 273 U. S. 583, 47 S. Ct. 478, 71 L.Ed.2d 787. In Maryland, communications not consisting of instructions as to the law, the facts or the verdict, have been held to be harmless. *La Guardia v. State,* 190 Md. 450, 58 A. 2d 913. *Brown v. State,* 236 Md. 505, 204 A. 2d 532. Compare *Kersey*

*Manufacturing Co. v. Rozic*, 222 A. 2d 713 (Pa.). We hold the instant error harmless.

In making this decision we reiterate the rule recited by virtually all authorities that the only proper way for a judge to communicate with a jury is in open court with counsel and the accused present.

*Judgment affirmed.*
*Appellant to pay the costs.*