# GEORGE ROSCOE SUMMERS *v.* STATE OF MARYLAND

[No. 682, September Term, 1978.]

*Decided February 9, 1979.*

The cause was submitted on briefs to THOMPSON, LISS and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Arthur A. DeLano, Jr., Assistant Public Defender,* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Stephen Rosenbaum, Assistant Attorney General, Robert S. Rothenhoefer, State's Attorney for Frederick County,* and *Mary Ann Stepler, Assistant State's Attorney for Frederick County,* for appellee.

LISS, J., delivered the opinion of the Court.

On April 7, 1978, George Roscoe Summers, the appellant, was convicted in the Circuit Court for Frederick County (Barrick, J.), of larceny and a pre-sentence investigation report was requested by the appellant. On May 8, 1978, the appellant was committed to the custody of the Division of Correction by the Circuit Court for Frederick County (Clapp, J.), for a period of five years for the larceny. On appeal the appellant contends that:

1. his five year sentence was imposed in violation of Maryland Rule 772.
2. the evidence was insufficient to sustain his conviction for grand larceny.

The record before us shows that at about 2:00 P.M., on January 25, 1978, Mary A. Hoffman hired the appellant to clean the snow from a walk in front of her home on West Third Street in Frederick. After the appellant finished cleaning the walk, Mrs. Hoffman invited him into her home to warm himself. While inside she showed him a jewelry box and he handled several of the items in it. After the appellant left, Mrs. Hoffman checked the jewel box. She found three rings and a watch were missing.

Mrs. Hoffman called the police. In the meanwhile the appellant came into the Olde Town Tavern where he sold or gave away various items of jewelry. He then returned to the Hoffman residence. Upon arrival he was arrested by the police officers investigating the theft. The police then proceeded to the tavern where they recovered the jewelry disbursed by the appellant and which Mrs. Hoffman subsequently identified as coming from the jewel box. Testifying on his own behalf, the appellant denied being involved in any wrongdoing and claimed he had found the jewelry in a purse in the snow five feet from Mrs. Hoffman's house.

On May 8, 1978, Judge Clapp commenced the sentencing proceedings by announcing that Judge Barrick "had to be away today". He then stated that he had reviewed the

pre-sentence report and was prepared to entertain argument for sentencing. Without entering any objection or making any inquiry as to the cause for Judge Barrick's absence, the appellant's trial counsel proceeded with his argument. The State submitted on the pre-sentence report. The court then invited the appellant to present allocution. The appellant addressed the court and asked to be placed on probation. At the completion of the hearing, Judge Clapp sentenced the appellant to five years imprisonment.

Maryland Rule 772 a, adopted July 1, 1977, provides:

> "*Except as provided by Rule 750 (Disability of Judge),the judge who presides at trial shall sentence the defendant.*[1] However, in a case where a defendant enters a plea of guilty or nolo contendere and no trial has commenced, any judge may sentence the defendant unless incident to accepting a directing entry of such plea, the judge has received any matter, other than a statement of the mere facts of the offense, which would be relevant to the determination of the proper sentence to be imposed. In such a case, except as provided in Rule 750, that judge shall sentence the defendant. The sentence

---

1. The factual situation in this case is to be distinguished from the provisions of Art. 27, Sec. 642 which provides:

> Whenever any person is convicted of any offense in any of the courts of record of this State, having criminal jurisdiction, and the judge presiding does not impose sentence or suspends sentence generally or for a definite time places the offender upon probation, or makes another order and imposes other terms as she or he may deem proper, and that person at any time thereafter is brought before the court to be sentenced upon the original charge of his conviction, or for a violation of the terms and conditions of the order of probation in the case, the judge who then is presiding in that particular court may proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof, or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted. (An. Code, 1951, § 727; 1939, § 681; 1927 ch. 398; 1978, ch. 626).

For cases applying this section see Costello v. State, 240 Md. 164, 213 A. 2d 739 (1965); State v. Fisher, 204 Md. 307; 104 A. 2d 403 (1954); Rake v. State, 175 Md. 691, 2 A. 2d 26 (1939); Jordan v. State, 5 Md. App. 520; 248 A. 2d 410 (1968); Knight v. State, 7 Md. App. 313, 255 A. 2d 441 (1969).

shall be imposed without reasonable delay."
(emphasis supplied)

Maryland Rule 750 b provides:

"If, by reason of termination of office, death, sickness or other disability, the judge before whom a defendant has been tried or by whom a plea of guilty or nolo contendere has been accepted is unable to perform the functions of the court after verdict or after acceptance of a plea, any other judge who is a member of the court or assigned thereto may sentence the defendant and perform those functions."

The appellant first contends that Maryland Rules 750 and 772 mandate that the sentence must be imposed by the trial judge who heard the case unless that judge cannot pass sentence because "of termination of office, death, sickness or other disability". In this case the only reason given why Judge Barrick was unavailable was Judge Clapp's statement that Judge Barrick "had to be away." The appellant concedes that no objection was noted to proceeding with the sentencing before Judge Clapp but argues that his failure to object did not act as a waiver of the right.

As we read Maryland Rule 772 a, it is mandatory in that it requires that the judge who presides at trial shall impose sentence unless excused by the provisions of Rule 750. The statement that Judge Barrick "had to be away" on the day of sentencing does not, we think, amount to such "other disability" as would excuse the trial judge from his obligation to impose sentence. We believe that the Court of Appeals when it adopted Maryland Rule 772 a recognized that the judge who presides at the trial of a criminal case has the unique opportunity to form conclusions as to the severity of the crime, the veracity of the witnesses, the demeanor of the defendant and the truthfulness of the defendant where he chooses to testify, all of which are important to the imposition of a just sentence. The usefulness of those incidents of trial ought not to be sacrificed unless required by the exigencies of Rule 750. We feel that the failure to comply with the

mandatory provisions of Rule 772 a amounted to plain error material to the rights of the appellant.[2]

The appellant secondly complains that the evidence was insufficient because Mrs. Hoffman did not see him actually remove the rings and watch from her jewelry box. In finding the appellant guilty the court said:

> ". . . the evidence in this case clearly shows that the jewelry ended up with Mr. Summers. Now, the only thing for the Court to decide, really, is whether or not he found the jewelry as he testified, or whether it was taken from the jewelry box as was indicated from the other evidence. Quite frankly, I don't believe his story at all, as far as finding this jewelry, and therefore the evidence I think proves beyond a reasonable doubt that he did actually steal the jewelry from Mrs. Hoffman, . . . ."

In *Anderson v. State,* 9 Md. App. 532, 541 (1970), we said:

> "His conviction was proper under the rule that one in exclusive possession of recently stolen goods, in the absence of reasonable explanation can be found to be the burglar, the thief, or if others are shown to be involved, the receiver."

In the instant case the appellant was in the Hoffman home looking at and touching Mrs. Hoffman's jewelry. Shortly after he left, she discovered the jewelry missing. Half an hour later the appellant was trying to sell or give away this jewelry. We believe these facts established sufficient proof to warrant the presumption, arising from the appellant's possession of the stolen jewelry, that he was guilty of the larceny.

> *Conviction affirmed but sentence vacated and case remanded for imposition of sentence in conformity with this opinion.*
>
> *Costs to be paid by Frederick County.*

---

2. Although in this case we recognize plain error, it is normally necessary for an appellant to enter an objection at trial to preserve an issue for appeal. Maryland Rule 1085.